# THE STATE OF MARYLAND *vs.* JAMES KING.

### *Sufficiency of an Indictment for Larceny of Money.*

Among the essential requisites of an indictment for larceny is a sufficient
allegation of the ownership of the property stolen.

In an indictment charging that the defendant stole "twenty-six dollars
current money of the goods and chattels of one J. L.," the words "goods
and chattels" may be rejected as surplusage and then the indictment
sufficiently alleges the ownership of the money by J. L.

Appeal from the Circuit Court for Frederick County
(MOTTER, J.)

The case was submitted to the Court on briefs by :

*Isidor Rayner, Attorney-General,* and *Glenn H. Worthington,
State's Attorney for Frederick County,* for the appellant.

The only question presented to this Court is, whether the
word " moneys" was absolutely necessary to be repeated in
the clause alleging ownership as indicated above.   It is per-
fectly true that the words " goods and chattels " do not gen-
erally include money or bank notes or coin, in penal statutes.
Thus it seems to be settled that the receivers of *money* stolen,
are not within the statutes for receiving stolen " goods and
chattels."   For though " goods and chattels " may in a large
sense take in money, yet the intent of these Acts only extended
to the receipt of such kind of goods and chattels, the prop-
erty in which being generally and in its nature capable of being
ascertained by outward marks and circumstances, made it
more difficult for the thief to dispose of them without the aid
of the receiver."   2 *East P. C.,* 748; *State* v. *Calvin,* 2 Zab.
207; 2 *B. C. L.,* sec. 358.   Although even in this aspect some
Courts hold the words "goods and chattels" to include money.
*Garfield* v. *S.,* 74 Ind. 60; 2 *Bish. C. L.,* sec. 782A.   In the
United States Courts the words " personal goods " (which
words are identical with the words in sec. 157 of Art. 27 of

our Code), were held to include money, bank notes and coin, under the Crimes Act of 1790, ch. 36. *U. S.* v. *Moulton*, 5 Mason, 537.

But the question here is not whether the words "goods and chattels" in a penal statute, include *money*, but whether in an indictment for the larceny of money, in the clause averring ownership merely, the word money is indispensably necessary to be repeated when the thing stolen has already been specifically alleged to be so many dollars, current money, of the value of so many dollars, &c.

This description is in full compliance with the Act of 1898, ch. 120 (Supp. Code, Art. 27, sec. 291A.)

In every adjudged case that has been found and in the text-books in an indictment for the larceny of money, the words "of the goods and chattels of ——," in the clause denoting ownership, have been held sufficient without the repetition of the word money in that clause. *Eastman* v. *Com.*, 4 Gray, 416; *Com.* v. *Richards*, 1 Mass. 337; *Com.* v. *Bennett*, 118 Mass. 452; *Regina* v. *Radley*, 2 C. & K. 974; *Morris' case*, 3 Leach, 525; *Com.* v. *Mosely*, 2 Va. cases, 154; *People* v. *Holbrook*, 13 Johns. 90; *People* v. *Kent*, 1 Doug. (Mich.) 42; *Turner* v. *State*, 1 Ohio St. 422.

*Edw. S. Eichelberger*, for the appellee.

The demurrer was to the point that the subject of the larceny was described, not as "money," but as "goods and chattels."

"Bank notes," and "bank bills," "money," were not the subject of larceny at common law, and are not included under the designation of "goods and chattels." 2 *Bish. Cr. Law*, sec. 358; *Bish. Stat. Crimes*, sec. 344; *Rex* v. *Sadi*, 2 East P. C., 748; *State* v. *Calvin*, 2 Zab. (N. J.), 207; 1 *Wh. Cr. Law*, secs. 876, 878; *Regina* v. *Powell*, 14 Eng. L. & Eq. 575.

So this indictment would not be good at common law. Various enactments in aid of the common law have from time to time been made in England and in the different States in this country bringing in money and notes as the subjects of lar-

ceny, and if by such enactments alone they are subjects of larceny they should be described in the indictment as in the statute.   There is a pronounced distinction made between "money" and "goods" or "chattels" in our Code.   Art. 27, secs. 156, 157, 158, in which last section the distinction is clearly and broadly marked, they being treated as in separate classes.

Some cases do hold, seemingly, the opposite of the above views, but examination will show that in nearly every instance the decisions are interpretative of statutes different from ours, in most of them the word "property" being used.   The striking features about all these adverse decisions are (1), that they admit that money is not "goods" or "chattels," and, following the lead of some earlier case, they (2), treat the allegation of ownership as surplusage.   If such allegation in this indictment were stricken out as surplusage we would have the rather remarkable charge of the twenty-six dollars and fifty cents being "current money of John Lipscomb," instead of that of the United States.  There must be some allegation of ownership.   1 *Wh. Cr. L.*, sec. 979.

JONES, J., delivered the opinion of the Court.

The appellee in this appeal was indicted in the Circuit Court for Frederick County for larceny.   The indictment is as follows :

"*State of Maryland, Frederick County, Sct :*"

"The Grand Jurors of the State of Maryland, for the body of Frederick County, upon their oath do present that James King, late of said county on the thirteenth day of July, in the year of our Lord, one thousand, nine hundred and one, with force and arms, at the county aforesaid, twenty-six dollars and fifty cents, current money, of the value of twenty-six of dollars and fifty cents, altogether being the value of twenty-six dollars and fifty cents of the goods and chattels of one John Lipscomb, then and there being found then and there feloniously did steal, take and carry away, contrary to the form of the Act of Assembly in such case made and provided, and ai nst the peace, government and dignity of the State."

To this indictment the appellee demurred. The demurrer was sustained by the Court and judgment was entered for the appellee on the demurrer. From this judgment the State has appealed. The ground of the demurrer was that the indictment does not make a sufficient allegation of ownership of the subject of the larceny; because it appears that the subject of the larceny charged was money and in the clause alleging ownership it is improperly described as "goods and chattels" which terms do not include or describe money.

In the case of *Kearney* v. *State*, 48 Md. 16, it was said by this Court: "It has always been held that it is an essential requisite in every indictment that it should allege all matters material to constitute the particular crime charged with such positiveness and directness as not to need the aid of intendment or implication." We may supplement this here by saying it is also held by all the authorities that among the "essential requisites" of an indictment for larceny is a sufficient allegation of ownership. 1 *Whar. Crim. Law*, sec. 979; *State* v. *Blizzard*, 70 Md. 385; *State* v. *Tracey*, 73 Md. 447. The reason of the rule requiring the allegation of ownership in indictments for this crime is that the Court must be able to determine judicially that the property alleged to have been stolen was the property of another and not the property of the accused, and it is therefore essentially descriptive of the crime charged. A further reason is that the accused is entitled to be informed of the exact accusation against him. Now does the indictment in the case at bar so contravene the rules of pleading just adverted to as to make it fatally defective? It is now provided by statute, Act of 1898, ch. 120, Sup. Code, Art. 27, sec. 291A, that "in every indictment for robbery, larceny or embezzlement of any kind when the offense shall relate to money * * * * * and in every other indictment, whenever it shall become necessary to make any averment as to money, it shall be sufficient to describe said money as so much current money, or so many dollars, or dollars and cents, current money without specifying any particular coins, or notes, or certificates circulating as money, or other species of money," etc.

In the case at bar the subject of the larceny alleged is money and the description given in the indictment of this subject seems to be all that the statute requires.    There is no uncertainty therefore or want of definiteness, legally speaking, in this part of the indictment.    In respect to the allegation of ownership it would seem to be impossible to read the indictment without perceiving that the pleader meant that the money alleged to have been stolen was the money of John Lipscomb and this without supplying anything by intendment or at least without supplying anything more by intendment than if money was embraced within the terms " goods and chattels," or than if money had been again used, in making the allegation, in conjunction with " goods and chattels."    The " goods and chattels " of John Lipscomb signifies goods and chattels belonging to or owned by John Lipscomb, which signification is given by the preposition " of" used before the name John Lipscomb.    Among the definitions of this preposition as given by Webster's International Dictionary is " belonging to ;" and another is " denoting possession or ownership."    Then if we disregard the words " goods and chattels" as being an erroneous description of the subject of the larceny alleged, inserted after the subject had been properly described in the former part of the indictment, the reading of the clause in question would then be " twenty-six dollars and fifty cents current money  *  *  *  of one John Lipscomb."    This would not change the signification of the preposition " of" as used before the name John Lipscomb and the meaning of the allegation in question so read would be that the money alleged to have been stolen was owned by or belonged to John Lipscomb at the time of the theft.    The word "current" as employed in the indictment can have no such effect upon the signification which would thus be given to the clause in question in the indictment by omitting the expression " of the goods and chattels " occuring therein as suggested in appellee's brief, it may have, because that word is merely descriptive of the money—the subject of the larceny alleged.    It has no relation whatever to that part of the indictment meant to aver ownership.    It is

descriptive of the money in the same sense as if the money had been alleged as silver money or as paper money " of John Lipscomb." It follows from the foregoing considerations that the unmistakable meaning of the indictment in the case at bar, as it relates to the ownership of the subject of the larceny charged therein, is that, at the time the alleged larceny was committed, the money described as the subject thereof belonged to or was owned by John Lipscomb, and that all implication that it might have belonged to or have been owned by the accused or by any other person than John Lipscomb is necessarily excluded. This being so the indictment gratifies fully the reasons for the rules of pleading which have been invoked in support of the demurrer, and to rule it fatally defective because it was not framed with strictly technical and formal accuracy would, to quote the language of JUDGE STORY in the case of *United States* v. *Moulton*, 5 Mason, 545, savor " of unseemly nicety if not of extravagant refinement."

This view seems to be supported by authorities very much in point. In the case of *Regina* v. *John Radley*, 2 Car & Kirwan, 974, the indictment alleged that "John Radley * * * * * * two pieces of the current coin of this realm, called shillings of the value of two shillings, of the goods and chattels of Samuel Fitch, then and there being found, feloniously did steal, take, and carry away," etc. It was alleged against this indictment that it was defective in not stating to whom the shillings alleged to have been stolen belonged— the words "of the goods and chattels of Samuel Fitch" being insensible as applied to money. The case was heard on appeal by five Judges when the Court said "It is true money does not fall within the technical definition ' of goods and chattels.' But this indictment charges the prisoner with having stolen the current silver coin of the realm, which is an accurate description of the property stolen. We think that in reading the indictment the words 'of the goods and chattels' ought to be rejected as surplusage * * * * ; and that the charge in the indictment as before stated is that the prisoner stole two pieces of current silver coin of the realm of the value of two

shillings of Samuel Fitch, which is a sufficient allegation that the coin stolen was the property of Samuel Fitch ; and we think it is immaterial that the current coin of the realm is afterwards inaccurately described as 'goods and chattels,' " &c. ; and the conviction of the accused party on the indictment was held to be proper.   In the case of *Com.* v. *Moseley*, 2 Va. cases, 154, the indictment read "William Moseley, &c.,   *   *   two certain bank notes, to wit : of and for the sum of ten dollars, also one of and for the sum of five dollars which notes were current in the United States of the value of fifteen dollars of the money, goods and chattels of one George Fuller and from the said George Fuller, &c.   *   *   *   *   did feloniously steal, take and carry away," &c.   The accused was convicted and upon the question reserved as to the sufficiency of the averment of ownership the Court said the words "of the money, goods and chattels" may be rejected as mere surplusage and then the indictment will contain a sufficient averment of property in the said notes in George Fuller the person from whom they were stolen."

In the case of *Eastman* v. *Com.*, 4 Gray, 416–418, the language of the indictment was "one bank bill of the denomination of one hundred dollars of the value of one hundred dollars, one gold eagle of the value of five dollars, and one wallet of the value of fifty cents of the goods and chattels of Daniel Carter did steal," &c. Upon this indictment the prisoner was convicted and sentenced to imprisoment for three years.   A writ of error was sued out, based upon the alleged defect in the indictment in describing the bank bill as "goods and chattels." The prejudice complained of was that by treating the indictment as sufficient in its description of the bank bill as "goods and chattels," in the clause alleging ownership the value of the stolen articles was increased so as to make the punishment greater— imprisonment for not over one year being the punishment provided for theft where the value of the thing stolen did not exceed one hundred dollars which was above the value of the articles that were properly described in the indictment.   In disposing of the contention as to the sufficiency of the indictment

as respected the bank bill the Court said "the words 'goods and chattels' may be rejected as surplusage and the remaining words of the indictment will constitute a sufficient charge of larceny." This case was subsequently referred to with approval as to its ruling on this point in the case of *Com.* v. *Bennett*, 118 Mass. 443 (p. 452). See also case of *Com.* v. *Richards*, 1 Mass. 337, and authorities referred to in the cases herein cited. The reasoning in these cases upon the facts appearing in them is strongly applicable to the case at bar. As showing the disposition of the Courts in dealing with questions of this character to have respect to reason and substance rather than to mere technical nicety reference may also be aptly made to the cases of *People* v. *Holbrook*, 13 Johns (N. Y.) 90; *People* v. *Kent*, 1 Doug. (Mich.) 42, and *Turner* v. *State*, 1 Ohio St. Rep. 422.

The cases relied upon by the appellee in support of the demurrer are, none of them, in conflict with those which have been cited. The case of *Regina* v. *Powell*, 14 Eng. L. & Eq. 575, was under an indictment for burglary for breaking and entering a house in the night time with intent to steal " the goods and chattels " therein. The jury found that the accused broke and entered the house with intent to steal mortgage deeds. It was held that the conviction of the prisoner was wrong—that mortgage deeds, the things stolen, were choses in action and were improperly described as " goods and chattels." The point of the case seems to have been that the charge was not proven as laid. The intent to steal was the essence of the crime charged and the intent to steal mortgage deeds was not an intent to steal goods and chattels. This would be so without respect to the sufficiency of the allegation of ownership either of the mortgage deeds or the goods and chattels. Other authorities relied upon by the appellee in support of the demurrer have relation to questions arising under statutes against receiving stolen goods which are generally held not to apply in money stolen. Considerations of the inconvenience to the public which might result from applying these statutes to the receiving of stolen money have influ-

enced their construction ; and it has been held that to apply them to stolen money is not within their reason or intent, 2 *East P. C.,* 748.   It will be unnecessary to go into an extended review or analysis of the cases referred to by the appellee in this connection.   An examination of them shows that, as far as they can have any bearing at all here, they deal with the question of whether money is embraced within the terms " goods and chattels."   With this question we have no necessary concern in this case since as we have seen the formula " of the goods and chattels " may be disregarded, or eliminated from the indictment which is under consideration here and there will still remain a sufficient description, and allegation of ownership, of the subject of the larceny charged.   For the reasons stated we find error in the ruling of the Court below upon the demurrer and the judgment entered thereon will be reversed and new trial awarded.

*Judgment reversed with costs and new trial awarded.*