# Richmond

WM. W. OLD, JR., EXECUTOR, ETC. v. CITY OF NORFOLK.

November 24, 1941.

Record No. 2413.

Present, All the Justices.

The opinion states the case.

*William W. Old, Jr.,* and *L. B. Cox,* for the appellants.

*Alfred Anderson* and *Jonathan W. Old, Jr.,* for the appellee.

HOLT, J., delivered the opinion of the court.

Petitioners are seeking relief from the payment of certain taxes assessed against real estate in the City of Norfolk.

John R. Riddick was the owner of these properties, four in number. By deed of date April 1, 1921, in which his wife, Lizzie V. Riddick joined, they were conveyed to Robert W. Tomlin, trustee, in trust for purposes there named. Tomlin was to collect rents, pay taxes and keep the property in repair, and turn over the net balance to the wife. She was further given the power of disposition by will, provided certain things had not come to pass. This deed contained these somewhat unusual provisions:

"(5) The said Lizzie V. Riddick hereby covenants to and with the said John R. Riddick that at and after the date of this deed, and so long as she shall remain the wife of John R. Riddick, she will at his request promptly unite with him in deeds of bargain and sale and deeds of trust or mortgage, the same to be done by signing, sealing and acknowledging such deeds for records, conveying real estate now owned and real estate hereafter to be acquired by said John R. Riddick, for the purpose of releasing her inchoate right of dower or any other interest or claim she may have in and to such real es-

tate; and she further covenants that failure or refusal on her part to keep this covenant shall *ipso facto* work a forfeiture of the trust estate hereby created; and upon such failure or refusal on her part, the said trustee and his successor in title shall upon request of the said John R. Riddick immediately convey to the said John R. Riddick, or to such person or persons as he shall designate, the whole of the trust property existing at the time of such forfeiture by good and sufficient deed containing a special warranty of title on the part of the said trustee. But no such conveyance shall be made until the trustee shall have tendered to said Lizzie V. Riddick the deed or deeds which the said John R. Riddick shall have requested her to execute and acknowledge, and she shall upon such tender fail or refuse to execute the same as above provided. Should the said Lizzie V. Riddick remove from the City of Norfolk, she shall give the address of her new residence or place of sojourn to the said trustee and a tender made to her at such address by such agent or representative as the trustee may select shall be a sufficient tender hereunder. And if the said Lizzie V. Riddick shall remove from the City of Norfolk and fail to inform the trustee of her new address and keep him informed of any change of address, and such failure on her part shall also be treated as a forfeiture of the trust estate in all respects as if she had failed or refused to execute a deed as above set forth.

"(6) The said Lizzie V. Riddick further covenants, that notwithstanding she is the sole beneficiary mentioned herein, this settlement is intended and agreed by her and the said John R. Riddick, her husband, to supply for her an income sufficient for the support and maintenance of herself and the three children of the said Lizzie V. Riddick and John R. Riddick; the said income herein provided being in addition to the conveyance, heretofore made by the said John R. Riddick to the said Lizzie V. Riddick, of certain real estate in the City of

Norfolk, Virginia, the same being the property at present Numbered 768, Avenue 'B', and being now occupied by the said Lizzie V. Riddick as her home, and the said Lizzie V. Riddick covenants and agrees that the three children aforesaid shall reside with her and that she hereby assumes their support and maintenance.''

It will be noted that John R. Riddick retained the power to revoke this trust at his election, and his wife was required to use the net proceeds, certainly so far as was necessary to discharge those obligations which primarily rested upon her husband. This situation continued until the 4th of June, 1930, when, by another deed, he released to his wife all that he had reserved to himself in the deed of April 1, 1921.

Lizzie V. Riddick died testate on September 15, 1935. During all of this time these properties were carried on the land books in Norfolk in the name of John R. Riddick, and no tax thereon has been paid.

Our Constitution, section 168, provides that all property, subject to exceptions irrelevant here, shall be taxed. The machinery for carrying into effect this Constitutional mandate is, of course, statutory. The commissioner of revenue for each year is required to make out a list of properties for taxation, together with the names of the persons against whom taxes thereon are chargeable. Tax Code, sections 252 and 254, and *School Board* v. *Patterson,* 111 Va. 482, 69 S. E. 337.

If we are to concede that the wife's name as owner should have appeared and not her husband's, this error, in the light of the facts in this case, is not fatal.

It is true that the owner's name should appear, but this is not always absolutely necessary.

''The authorities generally hold that if a mistake in name is not calculated to mislead it is immaterial, and will be disregarded. The underlying principle in such cases is that a person whose property is liable to assessment for taxes shall not be permitted to evade payment of his just proportion of the public burden by

any errors, omissions, or irregularities that do not prejudice his rights. * * *''· *Stevenson* v. *Henkle*, 100 Va. 591, 42 S. E. 672.

■ ■ However, it is not necessary to invoke this rule in this case, for these lots were listed as they should have been. It was the husband who continued in control. He could sell at any time, at any price and to anybody. Not only did he retain the right to sell, but he also retained the right to mortgage. In either of these events, the wife would have been obliged to acquiesce in whatever he did and to unite with him in any deed or mortgage which he saw fit to make. She must ''at his request promptly unite with him in deeds of bargain and sale and deeds of trust or mortgage,'' * * * ''at and after the date of this deed.'' Property owned ''at'' the date of the deed is covered, and property acquired ''after the date of this deed'' is covered also. This last contingency does not appear to have happened, and so we are not called upon to consider the effect of the last named provision. At his will he could terminate his wife's estate, and so she was a tenant at will. In all of this, in terms too plain to be misunderstood, we look to substance and not to shadows.

If the assessment in the name of the husband, which continued until 1930, was void, this result, unlooked for and curious, might have followed: Had he resumed control in that year, he would have taken back the property free of tax for the preceding nine years.

■ After the deed of 1930 had been put upon record, there was no possible way in which the situation could have been misunderstood. Complete title was in the wife, and it should have been taxed to her.

The decree appealed from should be affirmed, and it is so ordered.

*Affirmed.*

Spratley, J., dissenting.

I am unable to agree with the opinion of the majority because their conclusion, as I see it, is based upon an erroneous construction of the terms of the trust deed as to the reserved rights of the grantor thereunder and a misapprehension of the facts in the case.

The first error is the holding that John R. Riddick retained the power to revoke the trust at his election.

The deed of April 1, 1921, conveyed the legal title to the property therein described to the trustee, with covenants of general warranty for the benefit of Lizzie V. Riddick "upon the following uses and trusts and none other to-wit:"

"(1) That unless and until the said Lizzie V. Riddick shall forfeit the estate hereby created for her benefit," the net revenues from the properties were to be paid by the trustee to her after payment of costs of collection, insurance, repairs and taxes.

"(2) That unless and until the said Lizzie V. Riddick shall forfeit the estate hereby created for her benefit," the property might be conveyed by deed or deeds to be signed by the trustee and her, the proceeds of such sale to be reinvested by the trustee in other income yielding real estate.

"(3) That any profits and accretions to the trust property" were to be reinvested by the trustee.

"(4) That unless and until the said Lizzie V. Riddick shall forfeit the estate hereby created for her benefit," she should have the power to dispose of the whole trust estate by will, and upon her death intestate the trustee should convey the same to such person or persons as answered the description of her heirs-at-law.

Then follow the covenants of Mrs. Riddick containing the terms and conditions upon which the husband might rely for a forfeiture of the rights and estate conveyed.

The deed was signed by both the trustee and the beneficiary because of the included covenants. It made an

absolute conveyance of the real estate to the trustee for the use and benefit of Mrs. Riddick, subject to be defeated only upon the happening of the certain contingencies therein named. Riddick divested himself of the legal title, reserving to himself only a mere possibility of reverter based upon the happening of a subsequent condition. He gave up title, possession, and control. By no act of his own, in the absence of the happening of the named contingencies, could he regain the title, control, or possession. His election to revoke the trust and his power to control it were entirely dependent upon the failure of the wife to perform her covenants.

The record shows no violation of any of the conditions upon which a right of forfeiture could have been claimed. In fact, Riddick recognized this by his deed of June 4, 1930, whereby he quit-claimed and released to his wife all of his right in the property.

Of course, the provision in the covenant that the wife unite with her husband in conveying property then owned or thereafter to be acquired by her husband, did not refer to the property described in the trust deed. It is not here otherwise contended by the city. The property conveyed by the husband was for the purpose of furnishing support to the wife and children free from the claim of others so long as the covenants were observed. Any other construction would completely nullify it.

The only contentions of the city are that the error in the name was immaterial and that Riddick had such an interest in the property as was sufficient to sustain the assessment in his name.

The record does not show that Riddick, a colored man, and his wife were living together. In fact, it was suggested outside of the record that the trust agreement was in the nature of a marriage settlement because they were living apart. It is apparent from the agreement that husband and wife did not have complete faith in each other. Each desired to be protected by a written agreement.

The terms of the trust required that the taxes should be paid by the trustee. Mrs. Riddick was entitled to receive from the trustee only the net revenue after the payment of the costs of collection, insurance, repairs and taxes. She had the right to assume that the trustee was performing his duties. There is not a word in the record to show that she knew that the taxes had not been paid.

The owner of property, for the purpose of taxation, means the legal and not the equitable owner. Property standing in the name of a trustee should be assessed for taxation against such trustee. *Powers* v. *City of Richmond,* 122 Va. 328, 94 S. E. 803.

With regard to taxation, "due process of law" demands that it be accurately listed in such manner as to inform persons interested in the property of its owner and the amount of the tax. *Brophy* v. *Commonwealth,* 134 Va. 250, 114 S. E. 782.

This case does not involve a mistake in the name of the owner but a mistake in the ownership of the property. It is not a mistake in writing or spelling the owner's name but a disregard of the name of the true owner. *School Board* v. *Patterson,* 111 Va. 482, 69 S. E. 337.

It seems to be clear that under the statutes then controlling, the property was not assessed from 1922 to 1926, inclusive, in the name of the person who owned it, according to the deed books of the city of Norfolk. Virginia Code 1919, sections 2270, 2280 and 2284.

The trial court held the assessment for the years 1931 to 1936 erroneous because Riddick, by his deed in 1930, divested himself of all interest in the property. We are told that the assessments for the years 1922 to 1930, inclusive, were held valid because that court considered the contingent interest of Riddick sufficient to sustain the assessment in his name.

I find no authority, and none has been cited, which holds that one who has a mere contingent interest in

land without the usufruct, control, or occupation, should be assessed for taxation as the owner, nor do I think that any good reason exists therefor. He is not the owner in fact or in law.

If the property in question here had been sold for taxes delinquent in the name of J. R. Riddick for any one of the years from 1922 to 1930, inclusive, then the purchaser would have become vested with only such right or title to such estate as "was vested in the party assessed with the taxes or levies on account whereof the sale was made, at the commencement of the year for which said taxes or levies were assessed." Virginia Code 1919, section 2488.

In this case, such a purchaser, at a tax sale, would have taken only the right or title held by Riddick, a mere contingent interest until 1930, and no interest thereafter.

The city acquired, by virtue of the assessment of the tax and its non-payment, no lien against any interest in the land except against such right and title as was possessed by Riddick. If that lien is invalid for the purpose of passing title of the true owner to the purchaser at a tax sale, it is just as invalid and ineffective as a lien in favor of the city against such owner.

I think it is manifest, under the circumstances and facts of this case, that the assessment was erroneous, and that by virtue of the error, the beneficiary under the trust deed was misled to the prejudice of her rights. As said before, there is no evidence that she knew that taxes had not been paid, and if her husband did have knowledge of that fact, his knowledge is not imputable to her. Neither she nor her estate ought to be penalized with a charge for the unpaid taxes, interest, and penalties thereon because of the failure of the assessing officer to comply with the plain requirements of the statutes. If the city must suffer a loss, it is by reason of the acts of its selected officers.

HUDGINS and EGGLESTON, JJ., concur in this dissent.

388

HUDGINS, J., dissenting.

I concur in the dissent of Mr. Justice Spratley. In addition to the views therein stated, it seems to me that the following observations are pertinent.

The vital question presented by this record is—whether the city of Norfolk has taken the proper steps to create and preserve liens upon certain lots for taxes for the years 1922 to 1936, inclusive.

The statute law requires the proper officers to list every lot located within the municipality, stating in separate columns the description of the lot, the value of the buildings, the name of the owner and the amount of tax at the legal rate. Code of 1919, sec. 2280; Tax Code of Virginia, sec. 254.

Sec. 2274 of the Code of 1919 (sec. 267, Tax Code of Virginia) requires the clerk of every court in which deeds are admitted to record to make a list of all transfers of real estate in the name of the grantor and grantee, giving a description of the land conveyed and the value thereof. Within a stated time these lists must be delivered to the commissioners of the revenue, who must then assess the amount of taxes for the current year upon the land conveyed in the name of the grantee.

It is conceded in this case that on April 1, 1921, John R. Riddick and Lizzie V. Riddick, his wife, as grantors, conveyed the legal title to Robert W. Tomlin, trustee, and the beneficial interest in the property to Lizzie V. Riddick. This deed was duly recorded in the clerk's office of the Corporation Court of the city of Norfolk.

The delivery of this deed transferred all dominion that John R. Riddick had over the property. So long as his wife, Lizzie V. Riddick, faithfully performed the covenants mentioned in the deed, John R. Riddick had no right, title nor interest in the property. It was only in the event that Lizzie V. Riddick failed to perform her promises stated in the deed that a right to demand a forfeiture could arise. It appears from the pleadings

that Lizzie V. Riddick performed her covenants. At any rate, in 1930 John R. Riddick executed a release, thereby surrendering his right to demand a forfeiture if there was a breach of the conditions. A contingent right to enforce a contract for breach of a condition subsequent is not such a right in land as would support a tax assessment in the name of a holder of such right.

The property was not assessed in the name of the trustee or the beneficiary for the years 1922 to 1936, but it was assessed in the name of John R. Riddick, a party who had parted with all but a possibility to reclaim for breach of condition subsequent.

The preliminary steps—conditions precedent to the imposition of the tax—were not taken as provided by the statute. It seems to me that it follows that the taxes for the years mentioned could not have been imposed and could not have become due and payable.

As recently as 1939 this court, speaking through Mr. Justice Holt, in *Commonwealth* v. *Stringfellow*, 173 Va. 284, 291, 4 S. E. (2d) 357, quoting from previous Virginia cases, said: " 'It is well settled and familiar law that statutes imposing taxes are to be construed most strongly against the government and in favor of the citizen, and are not to be extended by implication beyond the clear import of the language used. Wherever there is a just doubt, that doubt should absolve the taxpayer from his burden.' "

We said, in *Elliott's Knob Iron, Steel, etc., Co.* v. *State Corp. Comm.*, 123 Va. 63, 83, 96 S. E. 353: " * * * the whole proceeding is statutory and where the legislature has prescribed a method or system of taxation which includes the requirement of an assessment, all the steps in the procedure of the assessment required by a statute must be taken before the tax can be considered as having been imposed and as having become due and payable. * * *. The material question on the subject is— what does the statute, which prescribes the method or system of taxation, provide shall be done by some gov-

ernmental agency as a part of the procedure of assessment? Whatever is so required is a preliminary step—a condition precedent—to the imposition of the tax, and until each step is taken the tax has not been imposed and has not become due and payable.''

''With respect to *taxation*, it is settled that 'due process of law' demands that the property to be taxed be properly and accurately *listed* for taxation in books, kept for the purpose and open to the public, in such a manner as to inform persons interested of the property to be taxed, its owner, and the amount of the tax; * * *.'' Minor on Real Property, 2 ed., vol. 2, p. 1707.

The majority opinion states: ''At his will he (John R. Riddick) could terminate his wife's estate, and so she was a tenant at will.''

I fail to find anything in the printed record which will support this statement. Indeed, it is stated in the brief for the city that ''upon the conveyance to Tomlin, Trustee, the beneficial owner of the property, subject to forfeiture, was his wife, Lizzie V. Riddick. The property was still owned by a Riddick'' (meaning thereby Lizzie V. and not John R. Riddick).

It is true, as stated in the majority opinion, that sec. 2451 imposes upon the owner of real estate the duty to cause it to be entered on the land books of the county or city in which such real estate is situated, but there is no forfeiture for failure to perform such duty, as the statute originally provided. See secs. 634-5, Code of 1887. Section 2452 provides that if such owner, after due notice by the proper officials, fails to perform such duty, then his land shall be forfeited to the Commonwealth. It is not claimed in this case that the city of Norfolk gave Lizzie V. Riddick notice that lots owned by her were not listed for taxation.

In *School Board* v. *Patterson*, 111 Va. 482, 487, 69 S. E. 337, it was held that if the proper officers fail to assess the land in the name of a grantee after a deed

of bargain and sale has been recorded, but continue to assess it in the name of the former owner, in whose name it is returned delinquent, the taxes are not due and payable and the land could not be sold as delinquent under such circumstances.

Judge Keith, speaking to the point, said: "As was said in the petition for a writ of error in this case, no attorney or purchaser of land, in making examination of titles, could reasonably be expected to look into the delinquent tax records for 1894 to ascertain whether in that year land had been returned delinquent in the name of a grantor whose deed of conveyance for the land had been recorded two or more years prior thereto. A purchaser of land would be justified in presuming that the officer of the State had discharged the duty required of him, of having made the proper transfer on the land books, and that, therefore, after the year in which a deed was recorded the land would, if delinquent, be returned delinquent in the name of the grantee in such deed."

It is not a question of innocent parties or who would suffer by the neglect of the officers to perform their duty. It is a question of whether or not the proper steps had been taken to make a legal assessment of the lots in question. The proper officers have failed to follow the mandate of the statute. They have assessed the taxes in the name of the grantor when the record shows that such grantor had parted with all right, title and interest except a possibility of reverter for breach of a condition subsequent.

Under such circumstances, the city is in no position to claim a tax lien. To permit the city to recover in this case violates fundamental principles applied to the assessment for purposes of taxation which have been in force in this Commonwealth for time immemorial.

For these and other reasons, I am constrained to dissent from the views expressed in the majority opinion.

EGGLESTON and SPRATLEY, JJ., concur in this dissent.