# Richmond

GEORGE M. HOGAN v. COUNTY OF NORFOLK.

March 11, 1957.

Record No. 4630.

Present, Eggleston, Spratley, Buchanan, Whittle and Snead, JJ.

The opinion states the case.

*Paul M. Lipkin* (*Samuel Goldblatt* and *Goldblatt & Lipkin*, on brief), for the plaintiff in error.

*Gordon F. Marsh*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The County of Norfolk brought this action against George

M. Hogan to collect personal property taxes in the sum of $590.72. During the pendency of the suit the defendant paid to the county $200 of this amount and on the trial a jury returned a verdict against him for $390.72, on which the court entered judgment. The defendant appeals and contends that the verdict was contrary to the law and the evidence and that the court erred in giving and refusing instructions.

The case is here on an agreed statement of facts, the material parts of which are as follows:

The suit was for taxes levied by the county for the years 1948-1953, based on assessments regularly made pursuant to § 58-834 of the 1950 Code. These levies plus interest and penalties amounted at the time of the suit to the $590.72 sued for.

The assessments were on passenger cars belonging to the defendant and which were operated by him as taxicabs in Norfolk county on January 1 of each of the years involved. The defendant was for each of those years a resident of the city of Portsmouth, Virginia.

The amount of the taxes is not in controversy. The contention of the defendant is that the County of Norfolk had no right to assess these taxicabs and levy taxes thereon against him because he lived in Portsmouth, and under the common law rule of *mobilia sequuntur personam* the situs of these taxicabs for taxation was in the city of Portsmouth. No explanation appears of why the defendant paid $200 on the tax bill if the whole assessment was invalid.

Section 58-834 of the Code is as follows:

"The situs for the assessment and taxation of tangible personal property, merchants' capital and machinery and tools shall in all cases be the county, district or city in which such property may be physically located on the first day of the tax year."

That language is plain enough and there is nothing in the record before us that makes it inapplicable to the facts here agreed. Taxicabs are tangible personal property. Section 58-834 says their situs for assessment and taxation shall be the county where they are physically located on the first day of the tax year, which is the first day of January, as fixed by § 58-835. The agreed facts are that these taxicabs belonging to the defendant were being operated by him in Norfolk county on January 1 of each of the years. They were necessarily then physically located in that county on that day, and if nothing more appears they were under the statute liable to assessment and taxation by Norfolk county.

But the defendant contends that just being in Norfolk county was not enough to make them subject to taxation in that county. That would be true if it also appeared that they were not physically located in that county in the sense that they belonged there, but that their presence there was transitory or temporary and that was not where they really belonged.

"* * At the present day, the separation of the situs of personal property from the domicil of the owner for the purposes of taxation is a familiar doctrine, and the maxim 'mobilia sequuntur personam' is no longer controlling on the question of taxation of personal property which has an actual situs elsewhere than at the owner's domicil. It may be taxed where it is situated or located, although the domicil of the owner is elsewhere. The test of situs for taxation purposes is the place of its location and use. * *." 51 Am. Jur., Taxation, § 449 at p. 464.

In any event the common law rule that the situs of personal property for taxation follows the owner may be changed by the legislature at its pleasure. *Commonwealth* v. *Ches. & Ohio Ry. Co.*, 118 Va. 261, 281-2, 87 S. E. 622, 629. It has been changed in Virginia by § 58-834, which provides that the situs of tangible personal property for tax purposes is the county, etc., in which it is physically located. The situs for taxation as used in this statute means something more than simply the place where the property is. It does not mean property which is casually there or incidentally there in the course of transit, but it does necessarily involve the idea of permanent location like real property. It is sufficient if it is there and being used in such a way as to be fairly regarded as part of the property of the county. 84 C.J.S., Taxation, § 115 at pp. 225-6.

The defendant leans heavily on the case of *Newport News* v. *Commonwealth*, 165 Va. 635, 183 S. E. 514. The facts of that case clearly distinguish it from this. There the question was as to the situs of taxation of the ferry boats owned and used by the Chesapeake Ferry Company between Norfolk and Newport News, and between Norfolk and Old Point Comfort. It was the duty of the State Corporation Commission to make the assessment and certify it to the locality entitled to tax the boats. The Commission, in an opinion which was adopted by this court, held that the boats should be taxed by Norfolk, where the principal office of the company was and where all accounting work in connection with its business was done. Newport News contended it should be allowed to tax these

boats because they were physically present in that city more than in Norfolk. The opinion states, however, that "every element of physical presence pertaining to Newport News also pertains in more or less degree to the city of Norfolk, the home of the company." 165 Va. at 643, 183 S. E. at 517. It was held that the boats were floating property which had not acquired a situs for taxation different from the home of the company, hence their situs for taxation remained in Norfolk under the common law rule *mobilia sequuntur personam*.

The ownership and uses for which the property is designed, and the circumstances of its being where it is, are so various that the question is more often one of fact than of law. 51 Am. Jur., Taxation, § 454, at p. 469.

In the present case there is nothing in the evidence to suggest that the taxicabs were in Norfolk county casually or temporarily, and were not in fact kept and maintained there in the ordinary course of defendant's business. The burden was on the defendant to show facts and circumstances which took this property out of the application of the statute. There was a clear presumption in favor of the correctness of the assessment.

"* * If the *situs* of the subject of the tax is within the jurisdiction of the assessing officer, he has jurisdiction to make the assessment, and the assessment is presumed to be legal and valid in all respects, until the contrary is affirmatively shown." *Union Tanning Co.* v. *Commonwealth*, 123 Va. 610, 632, 96 S. E. 780, 786. *Pembroke Lime. Works* v. *Commonwealth*, 139 Va. 270, 272, 123 S. E. 334; *Norfolk* v. *Snyder*, 161 Va. 288, 291, 170 S. E. 721, 722.

The defendant wholly failed to carry his burden of proof.

The instructions given by the court correctly stated the applicable law of the case. The one refused would have told the jury that tangible personal property taxes may be assessed against a taxpayer only where his place of residence is, and was properly refused.

The judgment below is

*Affirmed.*