## Richmond

SOUTHERN RAILWAY COMPANY v. COMMONWEALTH OF VIRGINIA, EX REL, STATE CORPORATION COMMISSION.

CAROLINA AND NORTHWESTERN RAILWAY COMPANY v. COMMONWEALTH OF VIRGINIA, EX REL, STATE CORPORATION COMMISSION.

December 1, 1958.

Record Nos. 4847, 4848.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

*Thomas B. Gay* (*H. Merrill Pasco*, on brief), for appellants, Southern Railway Company and Carolina and Northwestern Railway Company.

*Thomas M. Miller, Assistant Attorney General* (*A. S. Harrison, Jr., Attorney General*, on brief), for the Commonwealth.

I'ANSON, J., delivered the opinion of the court.

These are appeals as a matter of right from orders of the State Corporation Commission of Virginia holding valid a tax which it assessed upon certain bonds and notes, owned by appellants, issued by states other than Virginia, and by political subdivisions of other states, and denying their respective petitions for a correction of the Commission's assessments upon such bonds and a refund of the taxes paid thereon by the appellants.

It was agreed before the State Corporation Commission that the cases be heard together. They involve the same question of statutory interpretation, and a decision in one is determinative of the other.

The appellants contend in their sole assignment of error that the action of the Commission in assessing such bonds owned by them was without authority for the reason that such securities are not taxable under the existing laws of Virginia.

In support of their contention they urge that the 1952 amendment, effective in 1954, to § 58-406, Code of 1950, relieved railway companies from the assessment and payment of taxes on bonds and notes issued by states other than Virginia, and by political subdivisions of other states for the following reasons: (1) that since bonds and notes of other states and political subdivisions thereof are not taxable against individuals under the 1952 amendment, effective in 1954, to § 58-406, Code of 1950, such securities are not required to be reported to the Commission by railroads under paragraph (11) of § 58-524, as amended, Code of 1950, or assessable against them under § 58-530, Code of 1950, as intangible personal property, and (2) that the language of the amendment, "* * * but this paragraph shall not apply to the bonds, notes and other evidences of debt of public service corporations which are taxed under other provisions of the law," refers to bonds, notes and other evidences of debt

*issued by* public service corporations and not *owned or held by them.* Their next contention is that the provisions of § 58-535, Code of 1950, authorizing the Commission to apportion the value of intangible property of railroads do not apply to the securities of the kind made the basis of the assessment appealed from.

The parties agreed to the following stipulation of facts:

"In its annual report to the State Corporation Commission for the year 1957, required by Section 58-524 of the Code of 1950 (as amended, Acts 1956, Chap. 69, p. 65), Southern Railway Company, among other things, reported certain intangible personal property held by it, consisting of 'bonds issued by States other than Virginia and by political subdivisions of other States,' in the aggregate par amount of $13,048,000, having a total market value, inclusive of interest accrued and unpaid, as of December 31, 1956, of $13,260,173. Acting pursuant to Sections 58-530 and 58-535 of the Code of Virginia, 1950, as amended, the Commission made a proportionate valuation of $1,477,034 of such intangible property attributable to Virginia and assessed, and the Railway Company paid under protest, the tax thereon provided for in Section 58-516 of the Code of Virginia (1950) in the amount of $7,385.17.

"Carolina and Northwestern Railway Company filed a similar report in respect to similar intangible property held by it, consisting of 'bonds issued by States other than Virginia and by political subdivisions of other States,' in the aggregate amount of $540,000, having a market value, inclusive of interest accrued and unpaid, as of December 31, 1956, of $565,909.00. Acting similarly, the Commission made a proportionate valuation of $88,344 of such intangible property attributable to Virginia and assessed, and the Railway Company paid under protest, the tax imposed thereon in the amount of $441.72."

Section 168 of the Constitution of Virginia provides that "all property except as hereinafter provided [§ 183], shall be taxed * * *." The assessment and taxation of property of railroads is separately provided for in §§ 176 to 180, inclusive, of the Constitution. It is well settled that these sections are not self-executing mandates, and legislation is necessary to carry them into effect. The taxing official "must be able to put his finger upon the letter of authority." *Commonwealth* v. *Stringfellow,* 173 Va. 284, 4 S. E. 2d 357; *County of Prince William* v. *Thomason Park, Inc.,* 197 Va. 861, 91 S. E. 2d 441.

Section 58-405, Code of Virginia (1950), enacted pursuant to § 168 of the Constitution, provides that intangible personal property having been segregated for State taxation only, the subjects of taxation classified under the chapter are defined as intangible property and "shall be taxed" as provided in subsequent sections.

Section 58-406,[1] Code of Virginia (1950) was amended in 1952, effective in 1954, by adding the last two paragraphs. This section provides that "all bonds" (with certain exceptions) shall be deemed intangible personal property.

█ The appellants' first contention, that since bonds and notes of other states and political subdivisions thereof are not taxable against individuals under the amendment, such securities are not required to be reported to the Commission by railroads under paragraph (11) of § 58-524, as amended, Code of 1950, or assessable to them under § 58-530, as amended, Code of 1950, as intangible personal property, is without merit.

The purpose of the 1952 amendment, effective in 1954, to § 58-406, Code of 1950, was to relieve certain individuals paying income taxes from the payment of a property tax on securities. Railway companies pay franchies taxes, not income taxes.

Not all individuals are relieved from the payment of intangible personal property taxes by the amendment to § 58-406, Code of

---

[1] "Sec. 58-406. All bonds (except bonds of the United States, bonds of the State of Virginia, and bonds of counties, cities, and towns or other political subdivisions of this State), notes and other evidences of debt, including bonds of other states, bonds of counties, cities and towns located outside of the State, bonds of railroad and canal companies and other corporations, bonds of individuals and all demands and claims, however evidenced, whether secured by mortgage, deed of trust, judgment or otherwise or not so secured shall be deemed to be intangible personal property; provided, however, that no property taxable under any other section of this chapter shall be included within the provisions of this section.

"*For the tax year beginning January first, nineteen hundred fifty-four, and for every tax year thereafter until otherwise provided by law, the taxes on net incomes shall be in lieu of a specific property tax on all bonds, notes, and other evidences of debt, demands and claims, as defined by this section, upon which a specific property tax of fifty cents per one hundred dollars of the fair market value thereof was imposed by this section prior to the first day of January nineteen hundred fifty-four; but this paragraph shall not apply to the bonds, notes and other evidences of debt of public service corporations which are taxed under other provisions of law, and nothing in this paragraph shall be construed as applying to any bonds, notes, evidences of debt, demands and claims which are includible in capital under §§ 58-410 to 58-412 and 58-418; or in moneyed capital under § 58-420, or in merchants' capital under § 58-833.*

"*This section, as hereby amended, shall be in force for the tax year nineteen hundred fifty-four and for every tax year thereafter.*" (Italics supplied.)

1950. The section plainly reads that "nothing in this paragraph shall be construed as applying to any bonds, notes, evidences of debt, demands and claims which are includible in capital under §§ 58-410 to 58-412 and § 58-418 or in moneyed capital under § 58-420, or in merchants' capital under § 58-833."

Section 58-410 imposes a tax on "all capital of any trade or business of any *person*, firm or corporation * * *." (Italics supplied.)

Section 58-411 defines capital as "All other taxable personal property of any kind whatever * * *," but excludes bonds and notes mentioned in § 58-412, as amended. Section 58-412 mentions bonds of political subdivisions of this State, and certificates of indebtedness of educational institutions of this State.

Section 58-418 refers to rate of tax on capital.

Section 58-420 imposes a tax on "All moneyed capital coming into competition with the business of national banks * * *. But bonds, notes or other evidences of indebtedness in the hands of individual citizens not employed or engaged in the banking or investment business and representing merely personal investments not made in competition with such business shall not be deemed moneyed capital within the meaning of this section." Some individuals, as such, are engaged in the investment business and the intangible personal property tax would be imposed on bonds and notes owned by them.

The amendment to § 58-406 does not apply to bonds and notes "includible * * * in merchants' capital," yet many individuals are merchants.

The amendment to § 58-406 also provides "* * * but this paragraph shall not apply to bonds, notes and other evidences of debt of public service corporations which are taxed under other provisions of the law * * *." A railroad company is a public service corporation. Section 153 of the Constitution of Virginia defines a public service corporation as including "all *persons* authorized to exercise the right of eminent domain, or to use or occupy any street, alley or public highway." (Italics supplied.) *Person* is defined as including "individuals, partnerships and corporations in the singular as well as plural number." Thus an individual, who holds a certificate of public convenience and necessity as a common carrier by motor vehicle, has a right to use the highways "in a manner not permitted to the general public" and is a public service corporation.

From the foregoing it is clearly evident that the amendment to

§ 58-406 did not relieve all individuals from the payment of an intangible personal property tax. Bonds and notes of the kind made the basis of the assessment appealed from were taxable in the hands of all individuals before the amendment and are taxable in the hands of some individuals since the amendment.

Section 170 of the Constitution of Virginia authorizes the General Assembly to impose franchise taxes on railroad corporations. It "may" do so "in lieu of taxes upon other property * * *." The franchise tax is imposed under § 58-519, Code of 1950, in consequence of which § 58-523, Code of 1950, relieves railroads of the payment of income taxes. But the General Assembly has not made the franchise tax "in lieu of taxes upon other property."

Section 58-516, Code of 1950, imposes a state tax on intangible personal property owned by every railroad company assessed pursuant to §§ 58-530 and 58-531 "(other than shares of stock, bonds, or other evidences of debt not assessable under § 58-534 and bonds issued by counties, cities and towns or other political subdivisions of this state) * * *."

Railway companies are exempt from assessment of stocks and bonds listed under the six categories set out in § 58-534, as amended, but they clearly do not include the bonds and notes involved in the present cases, nor is it so contended by the appellants.

Under § 58-524,[2] Code of 1950, as amended, "Every railway and canal corporation * * * shall report * * * to the State Corporation Commission, all of its real and personal property of every description * * *. The report shall classify *such property* under the following heads: * * *." (Italics supplied.) "Such property" obviously

---

[2] "Sec. 58-524. *Annual property report required.* Every railway and canal corporation of this State, not exempt from taxation by virtue of its charter, and every railway and canal corporation incorporated under the laws of any other state doing business in this State shall report on or before the fifteenth day of April, to the State Corporation Commission, all of its real and personal property of every description, as of the beginning of the first day of January preceding, the fair cash value thereof, showing particularly in what county or corporation and school district in this State such property is located, except only such part thereof as is segregated exclusively for State taxation and in what county or corporation the principal office or agency of such corporation is located.

"The report shall classify such property under the following heads:

\* \* \* \* \*

"(11) All other personal property of such company not enumerated in either of the foregoing heads, which would be taxable if the same belonged to an individual. (1926, p. 650; 1927, p. 213; 1928, p. 141; Tax Code, § 215; 1956, c. 69.)"

means "all of its real and personal property of every description * * *." Under this section there follows an enumeration of the types of property to be listed under eleven separate heads. It is evident that the purpose of such classification is not to exempt such property from taxation, but to make the duty of the railway companies so plain that they could not overlook reporting all of their property.

The property involved in the present proceedings is not mentioned in the first ten numbered paragraphs of § 58-524, Code of 1950, as amended. It falls under the catch-all paragraph (11). Since it has been pointed out that all individuals are not relieved of the payment of taxes on bonds and notes such as those held by the appellants, the amendment to § 58-406 does not relieve railway companies. If they are taxable in the hands of *an* individual they must be reported by railway companies under paragraph (11).

Railway companies are required to report all their real and personal property of every description to the State Corporation Commission under the first paragraph of §58-524, as amended, in order that the assessment may be made under §§ 58-530, as amended, and 58-535, and the rate fixed under § 58-516, which was done in these cases.

The appellants' second contention, that the language of the amendment to § 58-406 "* * * but this paragraph shall not apply to the bonds, notes and other evidences of debt of public service corporations which are taxed under other provisions of the law," refers to bonds, notes and other evidences of debt *issued by* public service corporations and *not owned or held by them*, is also without merit.

The appellants construe the word "of" to mean bonds, notes and other evidences of debt issued by public service corporations. Among the definitions of the preposition "of" as given by Webster's International Dictionary, 2d ed., is "belonging to," and another is "denoting possession or ownership." See also *State* v. *King*, 95 Md. 125, 51 A. 1102, 1103; 29 Words and Phrases, Of, p. 196.

A reading of the entire statute reveals that it was clearly the intention of the legislature to relieve certain individuals paying income taxes from the payment of a tax on securities belonging to them and not to relieve public service corporations, who may be an individual or individuals under the definition of terms set out in § 153 of the Constitution of Virginia, from the payment of a

tax on securities belonging to them which are taxed under other provisions of the law.

The language "which are taxed under other provisions of the law" clearly means: which were taxed on the date of the amendment under §§ 58-516, 58-524, 58-530, 58-531, and 58-535.

It is clear that the 1952 amendment, effective in 1954, to §58-406, Code of 1950, did not relieve the appellants from an assessment and imposition of tax on the kind of securities made the basis of the assessment appealed from, held and belonging to them. Indeed, the language of the statute expressly states that the relief granted to individuals paying income taxes shall not apply to public service corporations.

The appellants' third and last contention, that the provisions of § 58-535, authorizing apportionment of the value of intangible property of railroads on a mileage basis does not authorize apportionment of securities of the kind made the basis of the assessment appealed from, was not in issue at the hearing before the Commission.

Under the agreed statement of facts, the Commission, acting pursuant to §§ 58-530 and 58-535, assessed and made a proportionate valuation of the intangible personal property attributable to Virginia. Assuming, but not deciding, that the apportionment made by the Commission was without authority since § 58-535 did not permit an apportionment to be made of the kind of securities made the basis of the assessments appealed from, the appellants have suffered no harm because the action was in fact favorable to them.

It was clearly the intention of the General Assembly, when § 58-406 was amended, not to relieve public service corporations or, more specifically, railway companies, from the payment of taxes on bonds and notes issued by states other than Virginia and by political subdivisions thereof held by the appellants. The securities, without question, were taxable before the amendment and the amendment did not change this status.

The orders of the State Corporation Commission, denying the petitions of the appellants for a correction of the Commission's assessments of the bonds and notes in question, and a refund of the taxes paid thereon by appellants, are

*Affirmed.*