Present:   All the Justices

CITY OF VIRGINIA BEACH

                    OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 011307             April 19, 2002

INTERNATIONAL FAMILY ENTERTAINMENT, INC.

        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Thomas S. Shadrick, Judge

     In this appeal, we consider whether a city has the

authority to tax satellite transponders that are located on

satellites that orbit the earth, but are owned and used by a

corporation that had offices in that city.

     International Family Entertainment, Inc. (International),

filed its first amended petition for correction of erroneous

assessment of personal property against the City of Virginia

Beach (the City).  International sought a correction of

assessments for personal property it owned for the tax years

1993 through 1998, and it sought a refund of all taxes paid on

the basis of those assessments.  The City filed responsive

pleadings and disputed International's claims.

     The following facts were either stipulated by the

litigants or adduced during an ore tenus hearing.

International was at all relevant times a corporation

organized under the laws of the State of Delaware.

International is a cable television network that produces and

distributes family-oriented entertainment, including "made-

for-television" movies and informational programming. International's corporate offices, as well as its corporate books and records, were located in Virginia Beach. International's income tax records and its filings with the federal Securities Exchange Commission identified Virginia Beach as the address of the corporation.

International owns three transponders that are permanently affixed to communications satellites that orbit the earth. The satellites are physically located approximately 22,300 miles above the earth's equator in an assigned geostationary orbit. A transponder is a device that amplifies and relays transmissions between transmitting and receiving stations. The transponders receive audio and video program signals from an "uplink" and transmit the signals to satellite dishes on the earth. Cable television companies and home satellite dishes receive these signals. The cable television companies transmit these signals to cable subscribers throughout the United States.

The transponders have never had a physical presence in Virginia Beach. They were not constructed or assembled in Virginia Beach or anywhere else in Virginia.

During the tax years 1993 through 1998, International was assessed and paid personal property taxes to the City on the transponders in the amount of $120,169.12 per year. No other

jurisdiction taxed or asserted the right to tax the value of the transponders for those tax years. International identified the transponders as machinery and tools on its tax returns. International excluded the transponders on its 1998 tax return, and ultimately, it paid the City's assessed tax bill under protest. International filed amended returns for 1993 through 1997, seeking to delete the transponders from its tax returns for those years.

The circuit court ruled that the City lacked the statutory authority to assess a tax on the transponders. The court entered a judgment that awarded International a refund of taxes assessed and paid with respect to the transponders in the amount of $480,676.48. The City appeals.

Code § 58.1-3507(A) states in relevant part:

> "Machinery and tools . . . used in a manufacturing, mining, water well drilling, processing or reprocessing, radio or television broadcasting . . . business shall be listed and are hereby segregated as a class of tangible personal property separate from all other classes of property and shall be subject to local taxation only."

Code § 58.1-3511(A) states in relevant part:

> "The situs for the assessment and taxation of tangible personal property, merchants' capital and machinery and tools shall in all cases be the county, district, town or city in which such property may be physically located on the tax day. However, the situs for purposes of assessment of motor vehicles, travel trailers, boats and airplanes as personal property shall be the county, district, town or city where the vehicle is normally garaged,

3

docked or parked; however, the situs for vehicles with a weight of 10,000 pounds or less registered in Virginia but normally garaged, docked or parked in another state shall be the locality in Virginia where registered.  Any person domiciled in another state, whose motor vehicle is principally garaged or parked in this Commonwealth during the tax year, shall not be subject to a personal property tax on such vehicle upon a showing of sufficient evidence that such person has paid a personal property tax on the vehicle in the state in which he is domiciled.  In the event it cannot be determined where such personal property, described herein, is normally garaged, stored or parked, the situs shall be the domicile of the owner of such personal property."

The City argues that the transponders were properly identified by International as machinery and that this category of property is taxable pursuant to Code § 58.1-3507. The City also asserts that Code § 58.1-3511 is not applicable to a determination whether the City may assess a personal property tax on the transponders.  Rather, the City argues that Code § 58.1-3511 applies only when there is a dispute between potentially competing localities about which locality may tax specific items of taxable personal property. Continuing, the City contends that when "no taxable situs can otherwise be determined, [Code § 58.1-3511] calls for the application of the pre-existing common law rule of mobilia sequuntur personam, – 'movables follow the person' – by providing that 'the situs shall be the domicile of the owner of such personal property.' "

4

Responding, International asserts that Code § 58.1-3511(A) is controlling in this appeal and that the General Assembly has not authorized the City to tax the transponders that are located in space.  Continuing, International argues that even though the General Assembly has authorized localities to impose taxes on certain items of tangible personal property including machinery and tools, the "property must also meet the requirements of § 58.1-3511(A) . . . which imposes statutory limits relating to the situs for assessment."  International also contends that the City's reliance upon the common law doctrine of mobilia sequuntur personam is misplaced because of this Court's decision in Hogan v. County of Norfolk, 198 Va. 733, 96 S.E.2d 744 (1957). We agree with International.

Certain well-established principles govern our resolution of this appeal.  We have stated:

> "[P]roperty can only be taxed in the mode prescribed by law, and . . . the Constitution [of Virginia] imposes upon the legislature the duty of passing such laws as are necessary to carry into effect its provisions relating to taxation, and unless it does so the tax cannot be collected; . . . taxes can only be assessed, levied and collected in the mode pointed out by express statutory enactment. Statutes imposing taxes are construed most strongly in favor of the taxpayer, and will not be extended by implication to the prejudice of the taxpayer beyond the clear import of the language used.
> "Taxes are imposed by the State in the exercise of its sovereign power.  This power is exerted through the legislature, and an executive officer

5

who seeks to enforce a tax must always be able to put his finger upon the statute which confers such authority.  Taxes can only be assessed, levied and collected in the manner prescribed by express statutory authority."

Hampton Nissan v. City of Hampton, 251 Va. 100, 104, 466 S.E.2d 95, 97 (1996) (quoting Commonwealth v. P. Lorillard Co., Inc., 129 Va. 74, 81-82, 105 S.E. 683, 685 (1921)); accord Shelor Motor Co. v. Miller, 261 Va. 473, 478-79, 544 S.E.2d 345, 348 (2001); Commonwealth v. General Electric Co., 236 Va. 54, 64, 372 S.E.2d 599, 605 (1988).

Additionally, we have held that "it is well established in Virginia that a municipal corporation, such as [a city], can only derive its taxing power through positive grants of authority from the General Assembly."  City of Winchester v. American Woodmark Corp., 250 Va. 451, 456, 464 S.E.2d 148, 151 (1995); accord Hampton Nissan, 251 Va. at 104, 466 S.E.2d at 97; Commonwealth v. Carter, 198 Va. 141, 147, 92 S.E.2d 369, 373 (1956); Woodward v. City of Staunton, 161 Va. 671, 673, 171 S.E. 590, 591 (1933); Whiting v. Town of West Point, 89 Va. 741, 743, 17 S.E. 1, 2 (1893).

Applying the aforementioned principles, we hold that the City does not have the statutory authority to tax International's transponders.  Code § 58.1-3507 segregates a class of tangible personal property, separate from all other classes of property, that shall be subject to local taxation

only.  This statute must be read in conjunction with other statutes contained in Title 58.1.  We have stated that Code § 58.1-3511(A) "is part of a comprehensive scheme that authorizes local governments to assess, levy, and collect a tax on certain categories of property."  Shelor Motor Co., 261 Va. at 478, 544 S.E.2d at 348.

The City has the power to tax the category of property contained in Code § 58.1-3507(A), in this instance machinery and tools.  Code § 58.1-3511, which deals with the situs of taxation, prescribes limitations upon the City's power to tax. Code § 58.1-3511(A) specifically states that the "situs for the assessment and taxation of . . . machinery and tools shall in all cases be the . . . city in which such property may be physically located on the tax day."  It is undisputed that the transponders in this case, which are affixed to satellites 22,300 miles above the earth, have never been physically located in Virginia Beach.

Even though Code § 58.1-3511(A) creates different rules for the determination of a situs for certain property that is mobile in nature, such as motor vehicles, travel trailers, boats, or airplanes, the statute does not contain any rules for the determination of a situs for transponders or the satellites to which the transponders are affixed.  We note that had the General Assembly chosen to create a situs for

7

satellites, it certainly knew how to do so because the General Assembly made references to satellites in other statutes found in Title 58.1 of the Code.  See, e.g., Code § 58.1-609.3(13) (exempting satellites and tangible personal property placed on or used aboard satellites from the retail sales and use tax); Code § 58.1-3506(A)(19) (classifying equipment used to manufacture, test or operate satellites as taxable tangible personal property); Code § 58.1-3818.2 (referring to satellites in its definitions relating to video programming excise tax).  We also observe that the General Assembly specifically authorized in Code § 58.1-3506(A)(19) the taxation of tangible personal property used in the manufacture, testing, or operation of satellites in certain localities, but the General Assembly did not authorize the taxation of the satellites or the transponders affixed to satellites.

We reject the City's argument that the common law doctrine of mobilia sequuntur personam permits the City to tax the transponders.  This doctrine is based on the common law principle that the rights of ownership and the transfer of movable property must be determined by the law of the owner's domicile.  In Hogan, 198 Va. at 735, 96 S.E.2d at 745, we stated that

8

"[a]t the present day, the separation of the situs of personal property from the domicil of the owner for the purposes of taxation is a familiar doctrine, and the maxim 'mobilia sequuntur personam' is no longer controlling on the question of taxation of personal property which has an actual situs elsewhere than at the owner's domicil.  It may be taxed where it is situated or located, although the domicil of the owner is elsewhere.  The test of situs for taxation purposes is the place of its location and use."

We also stated in Hogan that the common law rule that the situs of personal property for taxation follows the owner may be changed by the General Assembly, and we held that this rule had been changed in Virginia by former Code § 58-834, which was a precursor to Code § 58.1-3511(A).  Id. at 735, 96 S.E.2d at 745-46.  Accordingly, to the extent any ambiguity exists, we hold that this common law rule does not apply to the taxing scheme at issue in this case.

We find no merit in the City's argument that Article X of the Constitution of Virginia permits the City to impose a tax on the transponders.  Article X, § 1 of the Constitution of Virginia states in part:

"All taxes shall be levied and collected under general laws and shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax . . . ."

Article X, § 4 of the Constitution of Virginia states:

"Real estate, coal and other mineral lands, and tangible personal property, except the rolling stock of public service corporations, are hereby segregated for, and made subject to, local taxation

only, and shall be assessed for local taxation in such manner and at such times as the General Assembly may prescribe by general law."

Contrary to the City's assertions, these constitutional provisions are not self-executing, and the General Assembly must enact specific legislation that authorizes a taxing authority to enact a tax.  See <u>Southern Railway Co.</u> v. <u>Commonwealth</u>, 200 Va. 431, 433, 105 S.E.2d 814, 816 (1958); <u>County of Prince William</u> v. <u>Thomason Park</u>, 197 Va. 861, 867, 91 S.E.2d 441, 446 (1956); <u>Old</u> v. <u>City of Norfolk</u>, 178 Va. 378, 382, 17 S.E.2d 427, 428-29 (1941).  And, we note that the City does not identify a specific grant of statutory authority that confers such taxing power upon it.

Finding no merit in the City's remaining arguments, we will affirm the judgment of the circuit court.

<u>Affirmed</u>.