# Richmond

COUNTY BOARD OF ARLINGTON COUNTY v. NEIL F. STULL.

September 2, 1976.

Record No. 750813.

Present, All the Justices.

*Charles G. Flinn, Deputy County Attorney (Jerry K. Emrich, County Attorney,* on brief), for plaintiff in error.

*Edward M. Holland,* for defendant in error.

CARRICO, J., delivered the opinion of the court.

In the court below, the taxpayer, Neil F. Stull, filed a petition for "Relief from Erroneous Assessment" (Code § 58-1145). The petition sought to have declared "null and void" the 1973 assessment by Arlington County of a 1971 Lincoln automobile owned by the taxpayer. Ruling that the situs of the vehicle for tax purposes was not in Arlington County in 1973, the trial court declared the assessment void. On appeal, the controlling question is whether the evidence supports the trial court's decision.

The record shows that, at relevant times, the taxpayer, a retired attorney, was a resident and domiciliary of Arlington County. In addition to his Arlington home, the taxpayer owned in Middlesex County a "substantial residence," which was "not a mere beach or vacation site but a home where [he] actually reside[d] for a greater

portion of the year than in Arlington." The taxpayer also spent portions of each year outside Virginia on trips related to his wife's health and his business interests.

The taxpayer owned two automobiles, the 1971 Lincoln here in dispute and a 1969 model of the same make. The 1969 vehicle remained in Arlington "practically all the time" and was used by the taxpayer during his stays at his Arlington home. The 1969 car was registered in Arlington, and the taxpayer paid without protest the County's annual personal property levies on the vehicle.

Concerning assessment of the 1971 Lincoln, however, the taxpayer had been in continuing dispute with the Arlington tax authorities since its acquisition sometime after the beginning of the 1971 tax year. He contended that the car was not "taxable in Arlington County." When the County assessed the vehicle for 1972 taxes, he paid the levy under protest. When the County assessed the car again in 1973, he refused to pay the tax when due in December and, on January 9, 1974, filed the present petition for "Relief from Erroneous Assessment." [1]

In the hearing on the petition, the taxpayer showed that he used the 1971 Lincoln for his trips to and from his home in Middlesex County and for transportation while in residence there. He also used the vehicle for his journeys outside the state.

About December 10, 1972, the taxpayer, as was his annual custom with his "newer car," employed an operator to drive the 1971 Lincoln to Scottsdale, Arizona. The taxpayer and his wife followed shortly by plane. They used the car while in Scottsdale until the end of January, 1973, and then drove it to San Diego, California. They remained in San Diego, meanwhile using the vehicle, until the first part of April, when they drove it on their return trip to Arlington County. Shortly after their return, they traveled in the 1971 Lincoln to Middlesex County, and used it during their stay in Middlesex until mid-December. In the period from April to December, the taxpayer drove the vehicle on occasional business trips to Ohio, which consumed in total two to three weeks. The car was serviced, when appropriate, in Middlesex and Arlington counties and in Arizona and California.

In December, 1973, the taxpayer again had the 1971 Lincoln driven to Arizona, and he and his wife repeated their western itinerary. Of approximately 35 weeks spent in Virginia in 1973, the taxpayer was

---

[1] The taxpayer also alleged that the 1972 assessment was void, but his petition was dismissed with respect to that assessment because not filed within one year from December 31, 1972. Code § 58-1145.

in residence in Middlesex County for about 23 weeks, including the time consumed by the occasional trips to Ohio, and in Arlington County for about 12 weeks. Except for the hired operation to Arizona, the 1971 Lincoln was with the taxpayer at all times during his 1973 absences from Arlington County.

The record further shows that in March, 1973, the taxpayer filed with Arlington County a "Declaration of Tangible Personal Property 1973," which described the 1971 Lincoln and stated that the taxpayer owned it as of January 1, 1973. Then, in April, 1973, although the vehicle previously had been registered in Arlington, the taxpayer registered the 1971 Lincoln in Middlesex County and procured a Middlesex license plate. He did not, however, pay personal property taxes on the car in Middlesex for 1973.

Code § 58-864, in pertinent part, provides that "[e]ach commissioner of the revenue shall ascertain and assess, at fair market value, all the personal property not exempt from taxation . . . in his county . . . on the first day of January in each year." As worded prior to 1972, another Code section, 58-834, fixed the situs for the assessment of tangible personal property, so far as is pertinent here, in "the county . . . in which such property may be physically located on the first day of the tax year." The 1972 General Assembly, however, amended § 58-834 by adding this exception relevant to the present case:

"[T]he situs for purposes of assessment of motor vehicles . . . as personal property shall be the county . . . where the vehicle is normally garaged . . . or parked."

Against the foregoing factual and legal background, the trial court, in its final order, ruled that the 1971 Lincoln in dispute was "not normally garaged or parked in Arlington County during 1973" and that it was, therefore, "not subject to assessment for the purposes of tangible personal property tax by Arlington County for the year 1973." This ruling was based upon the court's earlier finding, in a written opinion, that "[a]s between Arlington County and Middlesex County, the evidence shows the situs of the vehicle to be in the latter."

The County Board contends that the trial court erred in its ruling that the taxpayer's 1971 Lincoln was not subject to taxation by Arlington County. Prior to the 1972 amendment to Code § 58-834, the County Board argues, personal property was assessed at the place it was "customarily kept or intended to be customarily kept on the tax day." But if such place could not be determined, the argument con-

tinues, then, under the doctrine of *mobilia sequuntur personam* (movables follow the person), the property was taxed at the domicile of the owner regardless of where it might actually have been located on the tax day.

In amending Code § 58-834, the County Board says, the General Assembly did not intend to repeal the common law rule but intended merely to declare that, with respect to motor vehicles, "normally garaged or parked" means the same as "customarily kept or intended to be customarily kept." It follows, therefore, the County Board asserts, that if, in a given case, it cannot be determined where a motor vehicle is normally garaged or parked, the common law rule still would apply to fix the situs for taxation of the vehicle at the domicile of the owner. The vehicle in this case, the County Board concludes, had "no place where [it was] normally parked or garaged" and, consequently, the rule of *mobilia sequuntur personam* applied to render it taxable in 1973 at the taxpayer's domicile in Arlington County.[2]

We need not decide, however, whether the common law domicile rule still would have viability if, in a given situation, it could not be determined where a motor vehicle was normally garaged or parked. So far as this case is concerned, the General Assembly, in its 1972 amendment to Code § 58-834, has provided a workable standard which we believe the trial court properly applied to determine the situs for taxation of the motor vehicle here in dispute.

It is clear from the record that the trial judge, with the "normally garaged or parked" standard firmly in mind, gave the assessment in question the presumption of correctness to which it was entitled but nonetheless determined that the taxpayer had carried his burden of showing the assessment erroneous. *See Hogan v. County of Norfolk*, 198 Va. 733, 736, 96 S.E.2d 744, 746 (1957). The court found that the motor vehicle in dispute was "not normally garaged or parked in Arlington County during 1973" and that, "[a]s between Arlington County and Middlesex County," the situs for taxation of the vehicle in 1973 was in Middlesex. These findings were based upon elements

---

[2]The County Board takes the alternate position that, from the declaration filed in 1973 by the taxpayer, "the car must be presumed to be normally parked or garaged in Arlington County," and hence to have tax situs there. The taxpayer replies that the declaration merely stated he owned the vehicle as of January 1, 1973, a fact which was not in dispute and which alone could not create a presumption concerning situs. We resolve this conflict between the parties by recognizing that the assessment in question, including the County's determination of situs, is entitled to a presumption of correctness. *See* p. 241, *infra*.

of location, time, purpose, and use, which are relevant to a determination of situs. *Id.* at 735, 96 S.E.2d at 746.

Sufficient credible evidence supports the trial court's findings, and they inevitably lead to the conclusion that the taxpayer's 1971 Lincoln was not subject to taxation by Arlington County for the year in question. This leads, in turn, to affirmation of the trial court's judgment.

*Affirmed.*