## CIRCUIT COURT OF HENRICO COUNTY

Robert M. Bennett

v.

Henrico County

June 8, 1978

Case No. 938

By JUDGE E. BALLARD BAKER

This is an Application for Correction of Erroneous Tax Assessment. Briefly, the pertinent evidence is as follows.

On January 1, 1976, Dr. Bennett owned a 1971 Volvo and a 1976 Toyota, both of which were registered in Virginia and had Virginia license plates. As of that date, Dr. Bennett resided in Bethesda, Maryland, where he had been since leaving Henrico in June, 1973. As of the fall of 1975, he had decided to return to Virginia in 1976. He did in fact return to Henrico County in June 1976, and resided in Henrico the rest of that year.

While living in Maryland, Dr. Bennett apparently maintained as his home of record the address of his mother in Henrico County. However, at one time he did determine to stay in Maryland indefinitely.

There is no evidence that either the Volvo or the Toyota were normally garaged or parked in Henrico prior to June, 1976, when Dr. Bennett returned from Maryland.

Sections 58-834, 58-835 and 58-837 are of interest in this matter.

Section 58-834 says that, "the situs for purposes of assessment of motor vehicles . . . shall be the county . . . where the vehicle is normally garaged, docked or parked . . ." This is a 1972 amendment from a provision

that the situs was where physically located on the first day of the tax year.

Section 58-835 provides that, "Tangible personal property . . . shall be returned for taxation as of January first of each year. The status of all persons . . . liable to taxation on any of such property shall be fixed as of the date aforesaid . . . and the value of all such property shall be taken as of such date."

Section 58-837 requires that, "Every taxpayer owning any of the property mentioned in this Chapter on January first of any year shall file a return . . . on or before May first of each year."

The County contends that "normally garaged" does not mean as of January 1, and cites *Arlington* v. *Stull*, 217 Va. 238 (1976). The opinion in *Stull* does refer to "elements of location, time, purpose, and use . . ." as relevant in determining situs. The opinion notes that the Stull vehicle was in Middlesex County for about twenty-three weeks and in Arlington County for about twelve weeks in 1973. On January 1, 1973, the car and owner were both out of state on a trip to Arizona. The trial court's opinion that as "between Arlington County and Middlesex County" the situs for taxation was in Middlesex was upheld, and the assessment of the car in Arlington was held void. (Reference was made by the Court to Section 58-864 requiring the Commissioner of Revenue to assess all personal property in his county on January 1.)

It appears that in *Stull* the vehicle was owned by a Virginia resident on January 1, and the only issue was which County could assess it. Evidence as to use of the vehicle throughout 1973 was used to determine its situs.

Section 58-835 fixes January 1 as tax date. The status of persons owning taxable property is fixed as of that date. Without holding that Section 58-835 does not apply to motor vehicles, and I see no basis in the statutes for that, it seems to me that "normally garaged . . . ." must mean as of January 1. In this view, all *Stull* does is decide that evidence as to use of the vehicle in 1973 can be determinative in deciding situs on January 1, 1973.

Section 58-837 requiring the taxpayer to file a return by May 1 on property owned on January 1 also supports the view that situs must be determined as of January 1.

This view is consistent with the opinion of the Attorney General that the date for determining where a vehicle is principally garaged is January 1. *See Report of Attorney General, 1976-1977*, at 291, and for 1973-1975, at 480.

There is a further contention that if January 1 is the tax date, still the situs of personal property follows the owner, and it is urged that Dr. Bennett never lost his Virginia domicile. Hence, the situs of the cars is Henrico. This requires a holding that Section 58-834 does not apply to vehicles which have no "situs" in Virginia on January 1. An Attorney General's opinion of February 14, 1973, supports such a holding. *1972-1973 Opinions*, pages 410-411.

Assuming agreement with such a holding, did Dr. Bennett retain his domicile in Virginia, or in Henrico County?

Dr. Bennett went to Maryland on military duty. Ordinarily, domicile does not change with temporary military duty. However, it appears Dr. Bennett did adopt an intention to remain in Maryland indefinitely, which, coupled with his residence there, constitutes domicile. In my view, his subsequent decision to return to Virginia, made prior to the purchase of the 1976 Toyota, is not sufficient to hold that he was domiciled in Henrico County on January 1, 1976. The determination to return to Virginia does not necessarily mean Henrico County. Nor do I believe that his retention of his mother's address in Henrico (stated by his counsel though not found in the depositions) coupled with the intent to return to Virginia makes him a domiciliary of Henrico. Apparently, his voting residence prior to the return to Henrico was in the City of Richmond (Deposition p. 21).

It is noted that the assessment against Dr. Bennett shows the address to which he moved in June 1976, not whatever Virginia address was shown on the registration of his two vehicles.

Under the facts here, in my view the 1971 Volvo and 1976 Toyota are not subject to a Henrico County personal property tax for 1976.