Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and Keenan, JJ., and Poff, Senior Justice

HAMPTON NISSAN LIMITED PARTNERSHIP, ET AL.

OPINION BY JUSTICE LEROY R. HASSELL, SR.

v.   Record No. 950732          January 12, 1996

CITY OF HAMPTON

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Walter J. Ford, Judge

In this appeal, we consider whether a city may collect, as license taxes, payments in excess of the rate permitted by law that a motor vehicle dealer had collected improperly from motor vehicle purchasers.

The litigants have stipulated the relevant facts. The City of Hampton is a municipal corporation. Hampton Nissan Limited Partnership is a Virginia limited partnership which sells new and used motor vehicles at its dealership in Hampton. Hampton Nissan of Virginia, Inc., a Virginia corporation, is the general partner of Hampton Nissan Limited Partnership. Hampton Nissan Limited Partnership and Hampton Nissan of Virginia, Inc., collectively will be referred to as Hampton Nissan.

Code § 58.1-3703 permits a governing body of a city to levy and provide for the assessment and collection of license taxes on businesses. Code § 58.1-3706 establishes the maximum rate of taxation for license taxes and imposes certain limitations upon the tax rate. The City Council of Hampton enacted ordinances that established the license tax at the maximum rate authorized by the General Assembly, twenty cents per $100 of gross sales. The litigants have stipulated that Hampton Nissan has paid this amount.

Hampton Nissan, however, improperly charged its customers an amount in excess of the imposed license tax rate. Hampton's commissioner of revenue forwarded a letter to Hampton Nissan and requested that it remit to the City $47,199.70, the amount of the overpayments. Subsequently, Hampton Nissan published a notice in a local newspaper and offered to refund the overpayments to its customers. Hampton Nissan refunded $2,020.65 to its customers and retained the balance of the overpayments.

The City filed its motion for judgment against Hampton Nissan, seeking to collect the overpayments. The City stated in its motion for judgment that "[a]ny judgment received by the City for the disputed amounts will be treated as a tax. Any purchaser may apply for a refund with appropriate documentation within the applicable statute of limitations. Monies will be refunded by the City to those purchasers at that time."

The trial court held that Hampton Nissan collected the overpayments as license taxes and awarded summary judgment in favor of the City. We awarded Hampton Nissan an appeal.

Hampton Nissan argues that the City does not have the statutory authority to collect, under the guise of a tax, the overpayments that Hampton Nissan had improperly received from its customers. Hampton Nissan asserts that the City may not collect a tax unless it has specific statutory authority to do so and that no such authority exists.

The City, relying upon Code § 58.1-16 and certain provisions of the City's Code, contends that it has express

authority to collect the overpayments as license taxes.  We disagree with the City.

> Code § 58.1-16 states:
>     Any person responsible for collecting any tax administered by the Department [of Taxation] or the Division of Motor Vehicles who overcollects such tax and fails to account for and pay such overcollection to the appropriate state agency by the time his regular monthly or quarterly return is due shall be liable for the amount of such overcollection, and in addition a penalty of twenty-five percent of such overcollection.  The Commissioner administering such tax may waive such penalty for good cause.

Contrary to the City's assertion, Code § 58.1-16 is simply not applicable here.  As the City's stipulations of fact demonstrate, the license tax, which is at issue in this case, is administered and imposed by the City, not the Department of Taxation or the Division of Motor Vehicles. The stipulations also indicate that the license tax is paid annually, not monthly or quarterly.  Additionally, Hampton Nissan is not a "person responsible for collecting any tax administered by the Department [of Taxation] or the Division of Motor Vehicles."  Therefore, Code § 58.1-16 does not confer a positive grant of taxing power upon the City to collect the excess tax payments.

We also reject the City's argument that § 6.17 of the Hampton Code gives the City express authority to collect the overpayments as a tax.  Section 6.17 of the Code states:
> The city collector of taxes shall have any or all the powers which are now or which may be hereafter vested in any office of the state charged with the collection of state taxes and may collect the same in the same manner in which the state taxes are collected by any officer of this state.

The plain language in this provision merely permits the City's collector of taxes to utilize any powers which are conferred upon state officers when the City's collector seeks to collect state taxes on behalf of the state.

The City also relies upon § 18-5 of the Hampton Code which states:

> As to all questions in regard to the duty and conduct of officers of the city on collecting and enforcing the taxes imposed by this chapter and in regard to questions of construction, and for definitions of terms used in this chapter and the rules and regulations applicable to putting the same in operation, reference is hereby made to the laws of the state for the assessment, levy and collection of taxes for the current year, or to so much thereof as is applicable to this chapter and is not inconsistent with it and the general ordinances of the city. For the conduct and guidance of the officers of the city and other parties affected by this chapter and for fixing their powers, rights, duties and obligations, the provisions of such laws, so far as applicable, are hereby adopted, without being specifically herein quoted.

Relying upon this provision, the City says that "[t]he effect of the above . . . ordinance is that the City possesses powers for the enforcement and collection of taxes to the same extent as the state. Significantly, this power or authority includes the power to seek <u>overcollected taxes</u> not paid over by a business to the state or local government."

We disagree with the City. We find no language in this provision which permits the City to collect the excess payments and treat such payments as a tax. And, as we have stated:

> [P]roperty can only be taxed in the mode prescribed by law, and . . . the Constitution imposes upon the legislature the duty of passing such laws as are necessary to carry into effect

its provisions relating to taxation, and unless it does so the tax cannot be collected; . . . taxes can only be assessed, levied and collected in the mode pointed out by express statutory enactment. Statutes imposing taxes are construed most strongly in favor of the taxpayer, and will not be extended by implication to the prejudice of the taxpayer beyond the clear import of the language used.

Taxes are imposed by the State in the exercise of its sovereign power. This power is exerted through the legislature, and an executive officer who seeks to enforce a tax must always be able to put his finger upon the statute which confers such authority. Taxes can only be assessed, levied and collected in the manner prescribed by express statutory authority.

Commonwealth v. P. Lorillard Co., Inc., 129 Va. 74, 81-82, 105 S.E. 683, 685 (1921); see also Commonwealth v. General Electric Co., 236 Va. 54, 64, 372 S.E.2d 599, 605 (1988).

Here, the City's efforts to collect the overpayments must fail because the City is unable to put its finger upon any statute which confers such authority. Woodward v. Staunton, 161 Va. 671, 673, 171 S.E. 590, 591 (1933); accord Commonwealth v. Carter, 198 Va. 141, 147, 92 S.E.2d 369, 373 (1956). We also observe that "it is well established in Virginia that a municipal corporation, such as [a city], can only derive its taxing power through positive grants of authority from the General Assembly." City of Winchester v. American Woodmark Corp., 250 Va. 451, 456, ___ S.E.2d ___, ___ (1995); accord Whiting v. Town of West Point, 89 Va. 741, 743, 17 S.E. 1, 2 (1893).

The City also argues that even if it does not have express authority to collect the overpayments as a tax, then it has the implied powers to do so. We disagree. As discussed above, a city can derive its taxing power only

through positive grants of authority from the General Assembly, and the City must be able to put its finger on the statute which confers upon the City the power to tax. Additionally, statutes imposing taxes "are to be construed most strongly against the government, and in favor of the citizen, and are not to be extended by implication beyond the clear import of the language used."  City of Winchester, 250 Va. at 456, ___ S.E.2d at ___ (quoting Commonwealth Natural Resources, Inc. v. Commonwealth, 219 Va. 529, 537, 248 S.E.2d 791, 796 (1978)).  We decline the City's invitation to deviate from our well-established precedent.

Accordingly, we will reverse the judgment of the trial court and enter a final judgment here in favor of Hampton Nissan.

Reversed and final judgment.