Present: All the Justices

SHELOR MOTOR COMPANY, INC.,
D/B/A HOMER COX FORD, ET AL.

v.  Record No. 001073   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                          April 20, 2001
NANCY W. MILLER, COMMISSIONER OF
THE REVENUE FOR MONTGOMERY COUNTY

FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Ray W. Grubbs, Judge

This is an appeal from a decree entered in a declaratory judgment suit. We consider whether the chancellor erred in holding that certain merchants' capital that was removed temporarily from a county before the "tax day" of January 1 is subject to taxation by that county under Code § 58.1-3511(A).

The petitioners, Shelor Motor Company, Inc., d/b/a Homer Cox Ford, Shelor Chevrolet Corporation, and Shelor Toyota, Inc., d/b/a Shelor Chrysler Dodge (collectively, Shelor), are corporations organized and operated under the laws of the Commonwealth. These corporations maintain their principal places of business in the Town of Christiansburg in Montgomery County (the County). Shelor is engaged in the retail sale of automobiles in several local jurisdictions, including the County, and a portion of its inventory typically is located in the County.

Shelor's automobile inventory is "merchants' capital," which is defined in Code § 58.1-3510(A), in relevant part, as

"[i]nventory of stock on hand."  Shelor's inventory located in the County is subject to the County's merchants' capital tax under Code § 58.1-3511(A), which provides, in relevant part:

> The situs for the assessment and taxation of tangible personal property, merchants' capital and machinery and tools shall in all cases be the county, district, town or city in which such property may be physically located on the tax day.  However, the situs for purposes of assessment of motor vehicles, travel trailers, boats and airplanes as personal property shall be the county, district, town or city where the vehicle is normally garaged, docked or parked. . . .

Under Code § 58.1-3515, "tax day" in the County for purposes of applying the merchants' capital tax is January 1 of each year.

In December 1998, Shelor moved its automobile inventory from the County to its other business locations outside the County and offered those vehicles for sale in these locations. On "tax day," January 1, 1999, none of Shelor's automobile inventory was located in the County.  During January 1999, Shelor moved the relocated inventory that had not been sold back to Shelor's places of business in the County.  The County has not yet assessed merchants' capital tax on Shelor's automobile inventory for the 1999 tax year.

In March 1999, Shelor filed bills of complaint for declaratory judgment against Nancy W. Miller, Commissioner of the Revenue for Montgomery County (the Commissioner).[1]  Shelor

_____

[1]Shelor Motor Company, Inc., d/b/a Homer Cox Ford, Shelor Chevrolet Corporation, and Shelor Toyota, Inc., d/b/a Shelor

asked the chancellor to declare that Shelor's merchants' capital located outside the County on January 1, 1999 is not subject to the County's merchants' capital tax for that year. Shelor also asked the chancellor to declare that the situs for assessment and taxation (taxation situs) of merchants' capital under Code § 58.1-3511 is the locality where the property is "physically located on the tax day," regardless of where the property is kept during the remainder of the tax year.

The Commissioner filed demurrers asserting, among other things, that Shelor had "fail[ed] to state a claim upon which relief can be granted" because Shelor had removed its automobile inventory from the County "with the intent to circumvent the tax laws." The Commissioner thus contended that Shelor's entire automobile inventory was still subject to the County's merchants' capital tax.

The chancellor sustained the Commissioner's demurrers and entered a final decree dismissing the cases with prejudice. He explained his decision in a letter opinion, which was incorporated by reference into the final decree.

The chancellor's decision was based in part on his interpretation of Newport News v. Commonwealth, 165 Va. 635, 183 S.E. 514 (1936), and Hogan v. County of Norfolk, 198 Va. 733, 96

---

Chrysler Dodge each filed separate but identical bills of complaint. The three suits were consolidated for trial.

3

S.E.2d 744 (1957). Citing Newport News, the chancellor concluded that the term "physically located," as used in Code § 58.1-3511(A), refers to property that has acquired a degree of permanency within the taxing jurisdiction. Quoting the Hogan decision, the chancellor stated that property "physically located" in a jurisdiction, within the meaning of Code § 58.1-3511(A), is property that is "being used in such a way as to be fairly regarded as part of the property of the [c]ounty." 198 Va. at 735, 96 S.E.2d at 746. The chancellor concluded that Shelor's pleadings established only a temporary removal of the vehicles and, thus, failed to establish that the vehicles were "physically located" outside the County, as that term is used in Code § 58.1-3511(A).[2]

On appeal, Shelor argues that the plain language of Code § 58.1-3511(A) allows the County to tax only merchants' capital that is "physically located [in the County] on the tax day,"

_____

[2]In addition to addressing the merits of Shelor's bills of complaint in her demurrers, the Commissioner also asserted that the chancellor should decline to exercise his jurisdiction because declaratory relief "is not a proper vehicle to determine the validity of tax assessments." In his letter opinion, the chancellor preliminarily stated that he was sustaining the demurrers and declining to exercise jurisdiction for this other reason. However, since the chancellor ultimately did rule on the merits of Shelor's bills of complaint, the chancellor in fact exercised his declaratory judgment jurisdiction and, thus, effectively reconsidered and overruled his preliminary ruling that he was declining to exercise that jurisdiction. Therefore, we do not further address the chancellor's preliminary ruling in this case.

4

January 1.  Shelor asserts that the chancellor's interpretation effectively deletes the phrase "on the tax day" from the first sentence of the statute, which applies to all merchants' capital.

Shelor also contends that the chancellor incorrectly relied on this Court's decisions in Newport News and Hogan.  First, Shelor asserts that both cases are inapplicable because they addressed the taxation situs of mobile personal property, not automobiles held as merchants' capital.  Second, Shelor notes that the Hogan and Newport News cases were decided under predecessor statutes to Code § 58.1-3511(A), which did not contain the second sentence of the present Code § 58.11-3511(A) that treats mobile personal property differently from merchants' capital.

In response, the Commissioner argues that the chancellor correctly relied on Newport News and Hogan in construing Code § 58.1-3511(A).  The Commissioner asserts that although these cases involved the taxation situs of personal property rather than of merchants' capital, these decisions still control the present issue because the phrase "physically located" in the predecessor statutes to Code § 58.1-3511(A) applied to both merchants' capital and personal property.

The Commissioner contends that the addition of the second sentence in Code § 58.1-3511(A) governing the assessment of

taxes on certain types of mobile personal property should not affect the Court's construction of the term "physically located" in the first sentence. The Commissioner asserts that the second sentence was added only to address the difficulty of ascertaining a tax situs for mobile personal property such as automobiles and not to alter the meaning of the first sentence of the statute. We are not persuaded by the Commissioner's arguments.

Initially, we observe that the function of a demurrer is to test whether a bill of complaint states a cause of action on which relief can be granted. Grossmann v. Saunders, 237 Va. 113, 119, 376 S.E.2d 66, 69 (1989); Penick v. Dekker, 228 Va. 161, 166, 319 S.E.2d 760, 763 (1984). In the present case, the chancellor decided the merits of the issue pleaded, effectively treating the demurrer as if the Commissioner had made a motion for summary judgment. However, since Shelor made no objection to the Commissioner's use of a demurrer to test the merits of the suit, or to the chancellor's action ruling on the merits of the issue pleaded on demurrer, we review the chancellor's holding as if he had entered summary judgment for the Commissioner. See Johnson v. Campbell, 258 Va. 453, 456, 521 S.E.2d 764, 766 (1999); Carmel v. City of Hampton, 241 Va. 457, 458, 403 S.E.2d 335, 336 (1991).

The statute at issue, Code § 58.1-3511(A), is part of a comprehensive scheme that authorizes local governments to assess, levy, and collect a tax on certain categories of property, including merchants' capital.  Fundamental principles govern our consideration of this taxation statute.  Taxes can be imposed only in the manner prescribed by express statutory authority.  Hampton Nissan v. City of Hampton, 251 Va. 100, 104, 466 S.E.2d 95, 97 (1996); Commonwealth v. P. Lorillard Co., 129 Va. 74, 82, 105 S.E. 683, 685 (1921).  Taxing statutes must be construed strongly in the taxpayer's favor, and will not be extended by implication beyond the clear import of the statutory language.  Hampton Nissan, 251 Va. at 104, 466 S.E.2d at 97; City of Winchester v. American Woodmark, 250 Va. 451, 456, 464 S.E.2d 148, 152 (1995); Commonwealth v. Gen. Elec. Co., 236 Va. 54, 64, 372 S.E.2d 599, 605 (1988); P. Lorillard, 129 Va. at 81-82, 105 S.E. at 685.

Under basic rules of statutory construction, we examine Code § 58.1-3511(A) in its entirety, rather than by isolating particular words or phrases.  Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001); Earley v. Landsidle, 257 Va. 365, 369, 514 S.E.2d 153, 155 (1999); Ragan v. Woodcroft Vill. Apartments, 255 Va. 322, 325, 497 S.E.2d 740, 742 (1998).  When the language of a statute is plain and unambiguous, we are bound by the plain meaning of that language.  Cummings, 261 Va. at 77,

7

540 S.E.2d at 496; Earley, 257 Va. at 370, 514 S.E.2d at 155; Ragan, 255 Va. at 326, 497 S.E.2d at 742.  We must determine the intent of the General Assembly from the words contained in the statute, unless a literal construction of the statute would yield an absurd result.  Cummings, 261 Va. at 77, 540 S.E.2d at 496; Earley, 257 Va. at 369, 514 S.E.2d at 155; Ragan, 255 Va. at 325-26, 497 S.E.2d at 742.

The language of Code § 58.1-3511(A) is plain and unambiguous, and provides a single directive for determining the taxation situs of merchants' capital of any type.  Under the statutory language, this taxation situs "shall in all cases be the county, district, town or city in which such property may be physically located on the tax day."  Code § 58.1-3511(A).  This language does not provide for a determination of where the merchants' capital is "ordinarily" or "normally" kept, but requires that the situs be determined by the physical location of the merchants' capital on one particular day of each year.

The second sentence of Code § 58.1-3511(A), which applies only to the taxation situs of certain types of mobile personal property, provides a distinct contrast to the statutory provisions that govern the taxation situs for merchants' capital.  The taxation situs for those types of mobile personal property is where the vehicle is "normally garaged, docked or parked. . . ."  The Commissioner's argument effectively asks us

8

to add qualifying language such as "normally" or "ordinarily" to the first sentence of the statute.  However, we are not permitted to add language to a statute.  When the legislature has used words of a plain and definite meaning, courts cannot accord those words a meaning that amounts to holding that the legislature did not mean what it actually expressed.  Jan Paul Fruiterman, M.D. and Assocs. v. Waziri, 259 Va. 540, 544, 525 S.E.2d 552, 554 (2000); Haislip v. Southern Heritage Ins. Co., 254 Va. 265, 268, 492 S.E.2d 135, 137 (1997); Davis v. Tazewell Place Assocs., 254 Va. 257, 260-61, 492 S.E.2d 162, 164 (1997).

We also observe that when the General Assembly uses two different terms in the same act, those terms are presumed to mean two different things.  Greenberg v. Commonwealth, 255 Va. 594, 601, 499 S.E.2d 266, 270 (1998); City of Hopewell v. County of Prince George, 239 Va. 287, 294, 389 S.E.2d 685, 689 (1990); Klarfeld v. Salsbury, 233 Va. 277, 284-85, 355 S.E.2d 319, 323 (1987).  Applying this principle, we presume that the General Assembly meant two different things in using the term "physically located on the tax day" in the first sentence of Code § 58.1-3511(A), while using the term "normally garaged, parked or docked" in the second sentence of the statute.  Thus, the inclusion of merchants' capital in the first sentence of Code § 58.1-3511(A) mandates the use of the situs test of "physically located on the tax day," without any qualification

9

or limitation regarding the length of time that the property has been situated in a given locality.

We disagree with the Commissioner's argument that our decisions in Hogan and Newport News require a different result. Those decisions addressed the taxation situs for certain mobile personal property, not the taxation situs for merchants' capital. Moreover, those decisions were rendered under predecessor statutes to Code § 58.1-3511(A), which did not include the second sentence of the present statute. The second sentence of the present statute sets forth a new and separate test for determining the taxation situs for the types of mobile personal property we considered in Hogan and Newport News. In light of the addition of the second sentence, we conclude that the General Assembly intended in the present statute to provide a different test to determine the taxation situs for merchants' capital than for the types of mobile personal property we considered in Hogan and Newport News.

For these reasons, we will reverse the chancellor's decree and enter final judgment for Shelor declaring that the taxation situs for merchants' capital is the county, district, town, or city in which such property may be physically located on the "tax day," January 1.[3]

---

[3]Based on our holding, we do not consider Shelor's remaining assignments of error.

JUSTICE KINSER, dissenting.

I believe that the judgment of the circuit court should be affirmed but for reasons unrelated to the merits of the issue addressed by the majority.

One of the grounds asserted by Nancy W. Miller, Commissioner of the Revenue for Montgomery County, in support of her demurrer to the bills of complaint was that the declaratory judgment statute, Code § 8.01-184, is not the "appropriate vehicle to determine the validity of tax assessments." Instead, Miller contended that the procedures established in Code §§ 58.1-3980 through -3993 should be followed when an aggrieved taxpayer seeks to correct an erroneous or invalid tax assessment. In its letter opinion, the circuit court agreed and sustained the demurrer on that ground. Despite that finding, the court then addressed the merits of the question concerning the tax situs of merchants' capital under Code § 58.1-3511(A).

Code § 8.01-184 authorizes circuit courts to issue declaratory judgments in cases of actual controversy. However, we have said on more than one occasion that the authority "to make a declaratory judgment is a discretionary one and must be exercised with care and caution." Liberty Mut. Ins. Co. v. Bishop, 211 Va. 414, 421, 177 S.E.2d 519, 524 (1970); accord USAA Cas. Ins. Co. v. Randolph, 255 Va. 342, 346, 497 S.E.2d

11

744, 746 (1998); Haughton v. Lankford, 189 Va. 183, 192, 52 S.E.2d 111, 114 (1949). Furthermore, the power to enter a declaratory judgment should not be exercised "when some other mode of proceeding is provided." Randolph, 255 Va. at 346, 497 S.E.2d at 746; accord Bishop, 211 Va. at 421, 177 S.E.2d at 524.

In Haughton, this Court also cautioned against the exercise of jurisdiction in declaratory judgment proceedings that involve questions of tax liability. We did so because such questions affect the orderly administration of the Commonwealth's fiscal affairs, which should not be unduly interfered with by the courts. Haughton, 189 Va. at 198, 52 S.E.2d at 117. The same caution should be exercised in this case because of Montgomery County's administration of its fiscal affairs.

As the circuit court noted in its letter opinion, the taxpayers in this case can apply to the circuit court, pursuant to Code § 58.1-3984, for correction of any erroneous assessment of local taxes. Thus, another "mode of proceeding" is available. Randolph, 255 Va. at 346, 497 S.E.2d at 746. Additionally, entry of declaratory relief now, before Montgomery County has assessed any tax on the merchants' capital at issue, could affect the administration of the County's fiscal affairs. For these reasons, I cannot say that the circuit court abused its discretion in declining to exercise its jurisdiction under Code § 8.01-184. See Reisen v. Aetna Life & Cas. Co., 225 Va.

12

327, 334, 302 S.E.2d 529, 532 (1983)(abuse of discretion standard used to review trial court's decision regarding whether to exercise power to issue declaratory judgments). Having decided that it would not exercise its declaratory judgment jurisdiction, the circuit court then erred by addressing the merits of the bills of complaint. Once a court exercises its discretion to decline jurisdiction under Code § 8.01-184, nothing further remains before the court for adjudication. Thus, I conclude that the remainder of the circuit court's letter opinion was merely advisory.

Accordingly, I would affirm the judgment of the circuit court sustaining the demurrer on the basis that declaratory relief is not the appropriate mechanism to determine the tax situs of the merchants' capital at issue, vacate the remaining portions of its judgment, and dismiss the declaratory judgment actions.