# CIRCUIT COURT OF THE CITY OF RICHMOND

Hardaway Construction
Corp. of Tennessee

v.

Commonwealth of Virginia,
Department of Taxation

July 8, 2005

Case No. LR-1165-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case a contractor seeks correction of an erroneous assessment and refund of a use tax under Va. Code § 58.1-825. The parties have stipulated to the facts. The case is before the court on the taxpayer's motion for summary judgment.

Plaintiff, a construction contractor, arranged for an out of state subcontractor, Mellot, to come to a building site, where Plaintiff had been contractually engaged by the Federal Bureau of Prisons to construct a building to crush shot rock from the site into gravel for use in site preparation. Deeming the crush operation as fabrication of shot rock to gravel, the Commonwealth assessed plaintiff a use tax under Va. Code § 58.1-604. Plaintiff contends that, by the terms of the Statute, no use tax is implicated and thereby contests the assessment and payment of the tax.

The use tax statute, Va. Code § 58.1-604, reads in pertinent part as follows:

> § 58.1-604. *Imposition of use tax.* B There is hereby levied and imposed, in addition to all other taxes and fees now imposed by law, a tax upon the use or consumption of tangible personal property in this Commonwealth. . . .

1. Of the cost price of each item or article of tangible personal property used or consumed in this Commonwealth.

With this language considered, Plaintiff argues that the use tax applies only to purchases of tangible personal property, not services. The use tax against it is based on the purchase of rock crushing services from Mellot. Because the use tax does not apply to services, the assessment was erroneous.

As mentioned, the Commonwealth views the use tax as based on fabrication. It maintains that a change in the form of tangible personal property occurred when the severed shot rock was crushed into gradable gravel. Summary judgment should not be granted because the degree to which the severed rocks were crushed is in dispute. The Commonwealth argues that what Plaintiff is urging the court to find is that, in every instance, rock crushing is a service. At trial, evidence as to how the rock was changed in form will affect the determination of whether fabrication occurred. The court agrees with Plaintiff and will grant the motion.

The Commonwealth characterizes Mellot's operations as fabrication. However, fabrication does not implicate the use tax. Fabrication only implicates imposition of the sales tax. Under Va. Code § 58.1-602 a "sale" includes the service of "fabrication." The sales tax statute provides in pertinent part:

§ 58.1-604. *Imposition of sales tax.* B There is hereby levied and imposed, in addition to all other taxes and fees of every kind now imposed by law, a license or privilege tax upon every person who engages in the business of selling at retail or distributing tangible personal property in this Commonwealth. . . .

1. Of the gross sales price of each item or article of tangible personal property when sold at retail or distributed in this Commonwealth.

"Sale" under Va. Code § 58.1-602 is defined to include fabrication:

"*Sale*" means any transfer of title or possession, or both, exchange, barter, lease, or rental, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property and any rendition of a taxable service for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication. . . .

Accordingly, fabrication applies to the sales tax. What was imposed here was the use tax not the sales tax.

The Commonwealth suggests that the use tax compliments the sales tax and that, if fabrication applies to the sales tax then, by inference, it must also apply to the use tax. The court agrees that the use tax may compliment the sales tax, but they are not coextensive. The sales tax cannot be imposed on the purchaser, only the seller. The use tax exists to fill the void in the Commonwealth's ability to assess sales tax against purchasers by granting the right to assess purchasers directly. However, the use tax against purchasers is limited to purchases of tangible property. The fundamental distinction applying here is that the use tax does not extend to services. Even if crushing shot rock were fabrication subject to sales tax, the sales tax is levied against the seller, not the purchaser. While the seller has the ability to collect the sales tax from the purchaser, the Commonwealth has no right to collect the tax directly from the purchaser, only the seller. There is no need to descend any further into facts that would show the nature and grade of rock that resulted from the crush. The parties have stipulated to the salient, material facts. And given that statutes which impose tax are construed against the taxing authority and in favor of the taxpayer, *Shelor Motor Co. v. Miller*, 261 Va. 473, 478-479, 544 S.E.2d 345, 348 (2001); *Hampton Nissan, Ltd. Partnership v. City of Hampton*, 251 Va. 100, 104, 466 S.E.2d 95, 97 (1996), the result here is that the levy was erroneous and the remedy of refund based on such determination must be allowed. Summary judgment is awarded to Plaintiff.