## CIRCUIT COURT OF FAIRFAX COUNTY

Laurel C. Olsen

v.

Fairfax County Employees'
Retirement System

August 22, 2005

Case No. (Chancery) 2005-705

By Judge Jonathan C. Thacher

This matter came before the Court on May 27, 2005, on the Respondent Fairfax County Employees' Retirement System's Plea in Bar to Petitioner Laurel Olsen's Petition for Appeal of Final Agency Decision. After considering the memoranda of law, counsels' oral arguments, and taking the matter under advisement, the Court reaches the findings and conclusions below.

### Background

This is an administrative appeal from a decision of the Fairfax County Retirement Board, filed February 16, 2005.

Petitioner Laurel Olsen worked as a part-time teacher for Fairfax County from October 1998 to October 2002. She was a participant in the Fairfax County Employees' Retirement System. In September 2002, Olsen was involved in an incident with her supervisor, Kenneth A. Gaudreault, the principal of Stone Middle School, which resulted in her developing debilitating panic attacks. Doctors, her own and those who have evaluated her on behalf of various agencies and entities, have since determined that she will never be able to return to her duties as a part-time teacher.

In October 2003, she filed for service-connected disability benefits. This was ultimately denied by the Medical Examining Board of the

Fairfax County Health Department and the Fairfax Retirement System Board of Trustees. The Medical Examining Board of the Fairfax County Health Department issued a report, wherein the Board agreed that she was disabled and unable to work, but made no findings as to whether the disability was service connected.

On September 16, 2004, the Medical Examining Board issued another report suggesting that the retirement board ask Dr. Hirschman, the physician who evaluated Olsen at the request of Liberty Mutual Insurance Company in connection with her request for long-term disability benefits, to address the causation issue.

The retirement board did not provide for an examination of Olsen by Dr. Hirschman, but instead afforded Olsen the opportunity to present additional oral argument in support of her application before the Board of Trustees on December 16, 2004. On December 28, 2004, the retirement board issued a letter denying Olsen's application. This letter did not make any findings of fact, nor did it set forth any conclusions of law.

Plaintiff filed this appeal in February 2005, based on Va. Code Ann. § 51.1-823, which grants employees with retirement plans in urban county executive forms of government an appeal of right to the circuit court of the jurisdiction. This Plea in Bar follows.

### Respondent's Plea in Bar

The Plea in Bar asserts that this Court, a circuit court in Fairfax, does not have jurisdiction to hear this appeal and that the Plaintiff, who has based her appeal on Va. Code § 51.1-823, has misread the applicable code sections.

Respondents argue that the code provision of Article III, namely § 51.1-823, apply only to retirement systems established for police officers,[1] therefore this Court does not have jurisdiction to hear this appeal.

Respondents cite to the three Articles of Title 51.1. Article 1, according to the Respondents, sets forth the general provisions concerning local government retirement systems. According to the Respondents, the

---

[1] Fairfax County has three different retirement systems: one, the Police Officers' Retirement System, where the members are sworn employees of the Police Department; also, the Uniformed Retirement System, where the employees are in the Office of the Sheriff and the Fire and Rescue Department; and last, the Employees' Retirement System, which includes all other county employees who are not eligible for retirement in the first two systems.

only statutes that apply to the Fairfax County Employees' Retirement System are Va. Code Ann. §§ 51.1-800 through 51.1-806. Nowhere in these sections is there any mention of appeal rights.

Article II, according to the Respondents, applies to "Members of Police Departments." This Article encompasses §§ 51.1-807 through 51.1-820. Va. Code Ann. § 51.1-820 states that the provisions of Article II shall apply to counties having the county manager form of government. Fairfax County has the urban county executive form of government. The provisions of Article II, therefore, do not apply to Fairfax County police officers.

Article III, entitled "Counties Having Urban County Executive Form of Government," according to the Respondents, applies only to the retirement systems of the police officers, and not to any other retirement systems within urban county executive forms of government. Respondents claim that the title of the Article has misled Olsen and that this title has no effect on the meaning of the body of the statute.

Respondents then go into a detailed dissertation of the legislative history of these sections and end with the assertion that "there does not exist in the abstract a right to appeal; such a right can only exist where either the Virginia Constitution or a specific Virginia statute has created that right." Supplemental Memorandum of Points and Authorities in Support of Respondent's Plea in Bar, page 7.

## Olsen's Response to the Plea in Bar

Olsen argues that the applicable statute, § 51.1-823, gives her the right to appeal and that, under the plain-language standard for statutes, the Court's inquiry should end there. Olsen continues, however, and addresses the issues raised by the Respondents, namely, the legislative history, which Olsen contends is unclear, and argues that she has a right to appeal under the general administrative law and the requirements of due process. Olsen also asks that, if her appeal is denied, that she be allowed to amend her pleadings, as she would have a breach of contract claim against the Respondents if she does not have a right to appeal.

## Respondent's Reply

Respondents respond that Olsen has ignored the meaning of the word "board" and that the legislature has manifested its intent that that term apply only to the "policemen's pension and retirement board."

Respondents assert that Olsen has no right to appeal and that her request for leave to amend should be denied, for such contract claims would be "spurious."

## Analysis

The Court looks first at the applicable statutes. "It is well settled that 'when the language of a statute is plain and unambiguous, we are bound by the plain meaning of that language. We must determine the intent of the General Assembly from the words contained in the statute, unless a literal construction of the statute would yield an absurd result'." *Shelor Motor Co. v. Miller*, 261 Va. 473, 479, 544 S.E.2d 345, 348 (2001). Article III is entitled "Counties Having Urban County Executive Form of Government." Respondents have urged the Court that this section, which contains only three subparts, applies only to police departments. The Court looks at each section in turn.

Va. Code § 51.1-821 is entitled "Police Retirement System." This section, in its entirety, states: "Prior §§ 51-127.10 through 51-127.30 are continued in effect under subdivision 2 of § 51.1-805 as Chapter 303 of the Acts of Assembly of 1944, as amended. (1990, c. 832.)" Virginia Code § 51.1-821. As this section incorporates, in its entirety, a previous code section, it is necessary to look at prior §§ 51-127.10 through 51-127.30.

The Court looks to prior §§ 51-127.10 through 51-127.30. These code sections outline in great detail the retirement system for the police officers. Of particular interest to the Court is § 51-127.28, Appeal. "An appeal of right from the action of the board on any matter in which the board is given discretionary power shall lie to the circuit court of the county within whose jurisdiction the board is." This section, as well as §§ 51-127.10 through 51-127.27, which come directly before it, and §§ 51-127.29 and 51-127.30, which come directly after it, are incorporated entirely within § 51.1-821.

*Amendment, suspension, or revocation of retirement plan and trust.* – The governing body of any county with an urban county executive form of government may by ordinance reserve the right to amend, suspend, or revoke the retirement plan and trust at any time, so long as the benefits payable under the plan are consistent with § 51.1-800. However, any amendment, suspension, or revocation shall not have the effect of diverting the trust fund to purposes other than the exclusive benefit of the

participating employees or their beneficiaries until all liability for accrued benefits payable under the terms of the plan has been fully satisfied. (1990, c. 832.)

Virginia Code § 51.1-822. Again, according to the Respondent, this section applies only to the "policemen's pension and retirement board." The Court notes, however, that there is no language restricting this section only to the policemen's retirement system.

Finally, the Court looks at the section at the heart of this dispute. "An appeal of right from the action of the retirement board of any county having an urban county executive form of government on any matter in which the board has discretionary power shall lie to the circuit court of the county which has jurisdiction of the board." Virginia Code § 51.1-823. It is the Respondent's contention that this section applies only to the policemen's pension and retirement board.

"In ascertaining legislative intent, we will not single out a particular term or phrase in a statute. Instead, we will construe the words and terms at issue in the context of all the language contained in the statute." *Herndon v. St. Mary's Hospital*, 266 Va. 472, 476, 587 S.E.2d 567, 570 (2003). The Court sees nothing in the statute to support Respondent's contention that the word "board" refers only to the "policemen's pension and retirement board."

The Respondents ask this Court to read language into a statute that simply does not appear. The provisions of § 51.1-821, by incorporating previous §§ 51-127.10 through 51-127.30, already provide an appeal for the policemen's pension and retirement board. When asked at oral argument why would the legislature, if the appeal right for the policemen's system is already spelled out, add more language giving policemen an appeal in § 51.1-823, the Respondents stated that the "legislature was making it clear." The Court does not accept such a construction.

## Conclusion

The Court agrees that the legislature was indeed clear; the legislature, giving the right of appeal to decisions of the policemen's pension and retirement board by incorporating that appeal within § 51.1-822, gave that same right of appeal to decisions of other retirement systems under the urban county executive form of government in § 51.1-823. The Court finds that the legislature, by clear and unambiguous

language, did grant the right of appeal in § 51.1-823 to retirement systems in counties having an urban county executive form of government. The Court overrules the Respondent County's Plea in Bar.