PRESENT:  Kinser, C.J., Lemons, Millette, Mims, McClanahan, and Powell, JJ., and Koontz, S.J.

CITY OF RICHMOND

                                         OPINION BY
v.    Record No. 102409          JUSTICE LEROY F. MILLETTE, JR.
                                         March 2, 2012
SUNTRUST BANK

            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Beverly W. Snukals, Judge

     The question presented by this appeal is whether a

municipal corporation has the authority to tax a non-exempt

entity for an exempt entity's ownership interest in property

owned by the two entities as tenants in common.  We hold that

it does not.

                              I.

                              A.

     SunTrust Bank and the Richmond Redevelopment and Housing

Authority (RRHA) own two properties – 901 and 1001 Semmes

Avenue – in the City of Richmond as tenants in common.

SunTrust holds undivided interests of 62% and 80.27%, and the

RRHA holds undivided interests of 38% and 19.73%.  To define

their rights and obligations with respect to their ownership

interests, SunTrust (then Crestar Bank) and the RRHA executed

two operating agreements, one for each property.  In pertinent

part, the operating agreements provide that SunTrust "shall

have the exclusive right to use and occupy the [properties]"

and that it "shall have sole and exclusive management and

                              1

control over, and shall make all decisions affecting, the business, management, leasing, operation and disposition of the [properties], as fully and completely as if [it] owned the entire fee simple interest[s] in the [properties] and subject only to the rights of [the RRHA]."  The operating agreements further provide that "[n]o rent or other charges shall be payable by [SunTrust] or its Affiliates to the [RRHA] as a result of their possession of the [properties]."

B.

Before 2009, the City taxed SunTrust only for its ownership interests in the properties.  (The RRHA was not taxed for its ownership interests because property owned by a political subdivision of the Commonwealth is exempt from taxation under Code § 58.1-3606.)  In 2009, however, the City determined that SunTrust was liable not only for the taxes on its ownership interests, but also for the taxes on the RRHA's ownership interests.  The City accordingly corrected the assessments against SunTrust for the years 2006 through 2009 to reflect that it was liable for taxes on both its ownership interests and the RRHA's.[1]

---

[1] An assessment may only be corrected "within three years from the last day for which such assessment is made."  Code §§ 58.1-3980(A), -3981(D).

2

C.

SunTrust filed an "Application for Correction of Erroneous Assessment of Real Property Taxes," pursuant to Code § 58.1-3984.  On cross-motions for summary judgment, the circuit court ruled that the City had no authority to tax SunTrust for the RRHA's ownership interests in the properties and, consequently, granted SunTrust partial summary judgment.  The City, while preserving its right to appeal the circuit court's ruling, then reached an agreement with SunTrust on the amount to be refunded; and the circuit court entered a final order in accord with that agreement.

The City now appeals.

II.

A.

Whether the City has the authority to tax SunTrust for the RRHA's ownership interests in the properties is a question of law, which we review de novo.  Marble Techs., Inc. v. City of Hampton, 279 Va. 409, 416, 690 S.E.2d 84, 87-88 (2010).  The factual findings made by the circuit court as to the nature of the relationship between SunTrust and the RRHA, however, are presumed to be correct, and will not be set aside unless they are plainly wrong or without evidence to support them.  County of Mecklenburg v. Carter, 248 Va. 522, 526, 449 S.E.2d 810, 812-13 (1994).

3

B.

For a tax to be valid, it must be supported by express legislative authority.  Woodward v. City of Staunton, 161 Va. 671, 673, 171 S.E. 590, 591 (1933); see also Hampton Nissan Ltd. P'ship v. City of Hampton, 251 Va. 100, 105, 466 S.E.2d 95, 98 (1996) ("[A] city can derive its taxing power only through positive grants of authority from the General Assembly.").  As this Court has explained:

> "Taxes are imposed by the State in the exercise of its sovereign power.  This power is exerted through the legislature, and an executive officer who seeks to enforce a tax must always be able to put his finger upon the statute which confers such authority.  Taxes can only be assessed, levied and collected in the manner prescribed by express statutory authority.  Tax assessors have no power to make an assessment except in the manner prescribed by law, and if the statute prescribes a method of assessment which is invalid, the assessor has no power or authority to adopt a method of his own which would have been legal if it had been prescribed by the legislature."

Woodward, 161 Va. at 673, 171 S.E. at 591 (quoting Commonwealth v. P. Lorillard Co., Inc., 129 Va. 74, 82, 105 S.E. 683, 685 (1921)).

C.

The City advances three arguments for why it has the authority to tax SunTrust for the RRHA's ownership interests in the properties.[2]  We address these arguments in turn and

---

[2] The City makes a fourth argument, based on an expansive reading of Code § 58.1-3200, in its reply brief.  At oral

4

conclude that they are either without merit or procedurally barred.

1.

The City first contends that it has the authority to tax SunTrust for the RRHA's ownership interests because, pursuant to the operating agreements, SunTrust has the exclusive right to use and possess the properties as if it were the fee simple owner.  In making this argument, the City cites no statutory authority; instead, it relies on City of Norfolk v. Perry Co., 108 Va. 28, 61 S.E. 867 (1908).  There, we upheld a tax imposed by a municipal corporation upon two perpetual leaseholders for property owned by the municipal corporation, explaining that the leaseholders were "the substantial and real owners of the property" because they "ha[d] the right of possession, use and occupation forever."  Id. at 30, 61 S.E. at 868.  In so ruling, we observed that, "as a general rule, in the absence of a covenant the landlord under an ordinary lease is responsible for taxes on the property leased by him; but this general rule can have no application to the case of a perpetual leaseholder."  Id.

We reject the City's argument based on Perry.  That case is simply inapposite here because SunTrust is not a perpetual

argument, however, the City's counsel correctly conceded that the argument runs contrary to well-established rules of statutory construction.  We therefore do not address it.

5

leaseholder; indeed, it is not a leaseholder at all.  The RRHA, as the circuit court found, did not lease the properties to SunTrust.  Rather, the RRHA and SunTrust own the properties as tenants in common — a fact that the City conceded below and concedes on the first page of its opening brief.  As a tenant in common, SunTrust has the right to use and possess the properties without any agreement with the RRHA.  Graham v. Pierce, 60 Va. (19 Gratt.) 28, 38 (1869) ("[E]very tenant in common has a right to possess, use and enjoy the common property without being accountable to his co-tenants for rents or profits, except under the statute [now Code § 8.01-31] for so much as he may receive beyond his just share or proportion.").

2.

Next, the City argues that it has the authority to tax SunTrust for the RRHA's ownership interests, since SunTrust does not use the properties for a "public purpose."  As support for this contention, the City points to Article XIII, Section 183(a) of the 1902 Constitution of Virginia, which exempted from taxation "property lawfully owned by counties, cities, towns, or school districts, used wholly and exclusively for county, city, town or public school purposes."

We conclude that the City's "public purpose" argument is incorrect for two reasons.  First, neither the current

6

Constitution nor Code requires that property owned by a subdivision of the Commonwealth be used for a "public purpose" in order to be exempt from taxation. See Va. Const. art. X, § 6(a)(1); Code § 58.1-3606. Second, even if there were still a "public purpose" requirement, that would only mean that the RRHA — not SunTrust — could be taxed by the City. In each of the "public purpose" cases cited by the City, a tax was imposed on a municipal corporation, not on a private business. See City of Norfolk v. Bd. of Supervisors, 168 Va. 606, 611, 192 S.E. 588, 589 (1937) (municipal-owned waterworks taxed by county); Commonwealth v. City of Richmond, 116 Va. 69, 70-71, 81 S.E. 69, 70 (1914) (municipal-owned waterworks taxed by the Commonwealth).

3.

Lastly, the City contends that it has the authority to tax SunTrust for the RRHA's ownership interests in the properties under Code § 58.1-3203, which states in relevant part: "All leasehold interests in real property which is exempt from assessment for taxation from the owner shall be assessed for local taxation to the lessee." According to the City, "[t]he practical effect of the [operating] [a]greements was to create a leasehold interest by SunTrust in the [RRHA's] undivided ownership interest in the [p]roperties."

7

We find this contention procedurally barred.  In granting SunTrust's motion for partial summary judgment, the circuit court held that the operating agreements are not leases and that SunTrust and the RRHA are tenants in common.  The City did not assign error to these rulings; thus, they will not be reviewed on appeal.  Rule 5:17(c); State of Maine v. Adams, 277 Va. 230, 241-42, 672 S.E.2d 862, 868 (2009) ("A party who asks this Court to consider whether a circuit court's holding was erroneous is required to assign error to the challenged holding so that it may be identified properly for our consideration.").

## III.

The City has failed to "put [its] finger upon the statute which confers" upon it the authority to tax SunTrust for the RRHA's ownership interests in the properties.  Woodward, 161 Va. at 673, 171 S.E. at 591 (internal quotation marks and citation omitted).  We therefore hold that it has no such authority and will, accordingly, affirm the circuit court's judgment.

Affirmed.