# CIRCUIT COURT OF THE CITY OF RICHMOND

Kohl's Department Stores, Inc.

v.

Virginia Department of Taxation

February 3, 2016

Case No. CL12-1774

*Stipulation of Facts*

Kohl's Department Stores, Inc. ("Kohl's") and the Virginia Department of Taxation ("Department") hereby stipulate and agree that the following statements are true and may be accepted as facts and that the attached documents are true and accurate copies of the originals. In so stipulating, the parties expressly reserve their rights to contest the materiality and relevance of any facts or documents herein, but waive all other objections to the admissibility of the stipulated facts and documents, except as specifically set forth herein.

Unless otherwise noted, the parties agree that each of the following facts pertains in whole or in part to the taxable years ended January 31, 2009, and January 30, 2010 (collectively, the "Years in Issue"), which are at issue in this case.

*Operations of Kohl's*

1. Kohl's is a corporation organized under the laws of Delaware. Its principal place of business and commercial domicile are in Wisconsin.

2. Kohl's is engaged in the business of operating retail stores throughout the United States, including stores in Virginia. A variety of clothing and household goods are sold at Kohl's retail stores.

3. Kohl's is engaged in business within and without Virginia.

4. Kohl's Illinois, Inc. ("Kohl's Illinois") is a corporation organized under the laws of Nevada. Its principal place of business and commercial domicile are in Illinois.

5. Kohl's Illinois is engaged in the business of operating retail stores. A variety of clothing and household goods are sold at Kohl's Illinois' retail stores.

6. Kohl's Illinois does not operate any retail stores in Virginia.

7. Kohl's Illinois also manages, protects, utilizes, and licenses intellectual property that it owns ("Intellectual Property").

8. Kohl's entered into a license agreement with Kohl's Illinois for the use of the Intellectual Property and paid royalties to Kohl's Illinois pursuant to the agreement.

9. Kohl's paid royalties to Kohl's Illinois for the use of the Intellectual Property of $441,942,347 for the taxable year ended January 31, 2009, and of $481,788,205 for the taxable year ended January 30, 2010.

## Tax Filings of Kohl's

10. To calculate its federal taxable income for the Years in Issue, Kohl's deducted from income the royalties that it paid to Kohl's Illinois as an ordinary and necessary business expense.

11. Kohl's timely filed Virginia Corporation Income Tax ("CIT") returns for the Years in Issue.

12. To calculate its Virginia taxable income for the taxable period ended January 31, 2009, Kohl's began with its federal taxable income and made certain adjustments pursuant to Virginia Code § 58.1-402. Kohl's did not add back to its federal taxable income the royalties that it paid to Kohl's Illinois. Kohl's claimed a safe harbor exception to the add-back pursuant to Virginia Code § 58.1-402(B)(8)(a). Kohl's expressly stated on its CIT returns that it did not add back such royalties to its federal taxable income.

13. To calculate its Virginia taxable income for the taxable period ended January 30, 2010, Kohl's added back to its federal taxable income a portion of the royalties that it paid to Kohl's Illinois.

14. Kohl's timely filed a refund claim in the amount of $460,100.00 for the taxable year ended January 30, 2010 ("Refund Claim").

15. Kohl's filed its Refund Claim on the grounds that, for purposes of calculating its Virginia taxable income for the taxable year ended January 30, 2010, Kohl's was not required to add back the royalties it paid to Kohl's Illinois pursuant to Virginia Code § 58.1-402(B)(8)(a)(1).

16. In addition to having filed CIT returns in Virginia, Kohl's filed tax returns in other States in which it conducted business, including in Connecticut, Georgia, Maryland, Massachusetts, and New Jersey. True and accurate copies of the tax returns filed by Kohl's in Connecticut, Georgia,

Maryland, Massachusetts, and New Jersey for the Years in Issue are attached to these Stipulations as Exhibits 1 through 9, respectively.

17. To calculate its net income for Connecticut, Maryland, and Massachusetts, Kohl's was required by the laws in such States to add back, and did add back, all of the deduction that Kohl's had claimed on its federal income tax returns for the royalties that it paid to Kohl's Illinois during the Years in Issue.

18. To calculate its net income for Georgia and New Jersey, Kohl's was required by the laws in such States to add back, and did add back, a portion of the deduction that Kohl's had claimed on its federal income tax returns for the royalties that it paid to Kohl's Illinois during the Years in Issue.

19. Connecticut, Georgia, Maryland, Massachusetts, and New Jersey impose a tax based on or measured by net income or capital.

### Tax Filings of Kohl's Illinois

20. To calculate its federal taxable income for the Years in Issue, Kohl's Illinois included in its income the royalties that it received from Kohl's. True and accurate copies of Kohl's Illinois' *pro forma* federal Form 1120 returns for the Years in Issue are attached to these Stipulations as Exhibits 10 through 11, respectively.

21. As a result of its business activities during the Years in Issue, Kohl's Illinois filed income tax returns in Arkansas, Florida, Iowa, Louisiana, New Jersey, New Mexico, North Carolina, Oklahoma, and South Carolina (collectively, the "Separate Return States") using separate reporting.

22. Separate reporting is a method of reporting the tax due by apportioning the income of a particular legal entity to a State (*i.e.,* separate legal entities would file separate reports).

23. To calculate its net income in each of the Separate Return States for the Years in Issue, Kohl's Illinois was required to include, and did so include, its federal taxable income, which included the royalties that Kohl's Illinois received from Kohl's.

24. In determining its tax due in each of the Separate Return States, Kohl's Illinois multiplied its net income (which included the royalties received from Kohl's) by Kohl's Illinois' apportionment factor in such Separate Return State. The resulting amount was then multiplied by such Separate Return State's applicable tax rate.

25. Each of the Separate Return States imposes a tax based on or measured by net income or capital.

26. The royalties that Kohl's Illinois received from Kohl's were subject to a tax based on or measured by net income or capital in each of the Separate Return States.

*Tax Filings of Kohl's and Kohl's Illinois*

27. Kohl's filed combined group tax returns in each of the following states using combined reporting: Alaska, California, Id.ho, Illinois, Kansas, Maine, Massachusetts, Michigan, Minnesota, Montana, Nebraska, New Hampshire, New York, North Dakota, Oregon, Utah, Vermont, West Virginia, and Wisconsin (collectively, the "Combined Return States"). True and accurate copies of the tax returns filed by Kohl's in the Combined Return States for the Years in Issue are attached to these Stipulations as Exhibits 12 through 45.

28. Combined reporting is a method of reporting the tax due by apportioning the income of two or more legal entities to a State (*i.e.,* separate legal entities would file a group report).

29. Each of Kohl's' combined groups included Kohl's Illinois in each of the Combined Return States.

30. Each of the Combined Return States imposes a tax based on or measured by net income or capital.

*The Department's Audit of Kohl's*

31. The Department audited Kohl's' Virginia CIT returns for the Years in Issue.

32. On February 11, 2011, the Department issued a Notice of Assessment to Kohl's for the taxable year ended January 31, 2009, in the amount of $1,165,318.16 in tax and $120,682.26 in interest, for a total allegedly due of $1,286,000.42. A true and accurate copy of the Notice of Assessment for the taxable year ended January 31, 2009, is attached to these Stipulations as Exhibit 46.

33. On February 11, 2011, the Department issued a Notice of Assessment to Kohl's for the taxable year ended January 30, 2010, in the amount of $681,582.84 in tax and $29,466.79 in interest, for a total allegedly due of $711,049.63. A true and accurate copy of the Notice of Assessment for the taxable year ended January 30, 2010, is attached to these Stipulations as Exhibit 47.

34. For each of the Years in Issue, the Department's auditor added back the royalties, which Kohl's paid to Kohl's Illinois, to Kohl's' Virginia taxable income for CIT purposes.

35. The Department's auditor allowed a partial exception to the add-back. The Department's auditor calculated the exception amount by multiplying Kohl's Illinois' apportionment formula in Arkansas, Iowa, Louisiana, New Jersey, New Mexico, North Carolina, Oklahoma, and South Carolina by the total income received from Kohl's for use of the Intellectual Property.

## Procedural History

36. Kohl's timely applied to the State Tax Commissioner for a correction of the Notices of Assessment for the Years in Issue.

37. On October 27, 2011, the State Tax Commissioner issued a letter upholding the Notices of Assessment for the Years in Issue. A true and accurate copy of the Commissioner's letter is attached to these Stipulations as Exhibit 48.

38. On November 10, 2011, the Department issued a Bill Detail Information for each of the Years in Issue. True and accurate copies of the Bill Detail Information statements are attached as Exhibits 49 and 50, respectively. The Bill Detail Information asserted the following amounts as due:

| Taxable Year Ended | Tax | Interest | Total |
| --- | --- | --- | --- |
| January 31, 2009 | $1,165,318.16 | $174,518.11 | 1,339,836.27 |
| January 30, 2010 | $681,582.84 | $59,233.47 | $740,816.31 |
| Total | | | $ 2,080,652.58 |

39. Kohl's timely filed an Application for Correction of Erroneous Assessment and Refund of Corporation Income Tax ("Application") on April 16, 2012, challenging the Notices of Assessment for the Years in Issue and the State Tax Commissioner's letter, dated October 27, 2011.

40. The Department timely filed an Answer on May 8, 2012.

41. The assessment challenged by Kohl's in its Application was not caused by the willful failure or refusal of Kohl's to furnish the Department with the necessary information, as required by law.

42. The parties agree that the only issue in this case is the extent to which Kohl's was entitled to a safe harbor exception to the add-back for the royalties that it paid to Kohl's Illinois for use of the Intellectual Property pursuant to Virginia Code § 58.1-402(B)(8)(a).

43. The parties further agree that it shall not be necessary for Kohl's to put on evidence of the amounts of the safe harbor exception or the resulting additional CIT and interest that follows from this Court's ruling on the application of Virginia Code § 58.1-402(B)(8)(a). After this Court's ruling, the parties will confer and attempt to agree on any additional CIT and interest amounts. Only in the event that the parties are unable to agree as to the amounts resulting from this Court's ruling will it be necessary for Kohl's, at a subsequent hearing, to put on evidence supporting such amounts.

*Exhibits*

The parties stipulate that the Exhibits [relating to tax returns] require no additional testimony as to foundation or authenticity, and are not subject to objection on grounds of hearsay. The parties do not waive other objections as to these Exhibits.

BY JUDGE WALTER W. STOUT, III

On the 31st day of January 2016, came the parties, by counsel, on both Plaintiff's and Defendant's Cross-Motions for Summary Judgment. Upon consideration of the arguments of counsel, as set forth in the briefs and through oral argument, the Court's findings of fact and holdings are as follows.

## I. *Background*

The parties filed a stipulation of facts, which is attached and incorporated by reference herein.

The issue for the Court to decide is whether royalties Kohl's paid to Kohl's Illinois falls within the safe harbor provision of Virginia's add-back statute. Va. Code § 58.1-402(B)(8)(a). Kohl's argues that it is not required to include in its Virginia taxable income any of the royalties that it paid to Kohl's Illinois because it qualifies for the subject to tax safe harbor. Va. Code § 58.1-402(B)(8)(a)(1). However, the Department of Taxation (hereinafter "Department") argues that the plain language of § 58.1-402(B)(8)(a) requires Kohl's to add back portions of its intangible expenses that were not actually taxed in other jurisdictions.

## II. *Standard*

Summary judgment is appropriate in those cases "in which the only dispute concerns a pure question of law." *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 5, 82 S.E.2d 588 (1954). Issues of statutory interpretation are pure questions of law. *Northern Virginia Real Estate v. Martins*, 283 Va. 86, 102-03, 720 S.E.2d 121 (2012).

Where a taxpayer seeks an exemption from a tax, the taxpayer has the burden of proving it is entitled to that exemption. *LZM, Inc. v. Virginia Dep't of Taxation*, 269 Va. 105, 109, 606 S.E.2d 797 (2005). Further, "the provisions setting forth [an] exemption must be strictly construed against the taxpayer, and any doubt as to whether the exemption applies must be resolved in favor of the Commonwealth." *Commonwealth v. Manzer*, 207 Va. 996, 1000, 154 S.E.2d 185 (1967). On the other hand, "[t]axing statutes must be construed in the taxpayer's favor." *Shelor Motor Co. v. Miller*, 261 Va. 473, 478, 544 S.E.2d 345 (2001). Because the issue before the Court

pertains to an exemption to the add-back statute, the Court must construe the taxpayer's claim in the light most favorable to the Commonwealth.

### III. *Analysis*

The parties agree that the sole issue for the Court to decide is the extent in which Kohl's is entitled to the safe harbor exception to the add-back statute. Section 58.1-402(B)(8)(a) provides in relevant part:

> B. There shall be added to the extent excluded from federal taxable income:
>
> 8. a. For taxable years beginning on and after January 1, 2004, the amount of any intangible expenses and costs directly or indirectly paid, accrued, or incurred to, or in connection directly or indirectly with one or more direct or indirect transactions with one or more related members to the extent such expenses and costs were deductible or deducted in computing federal taxable income for Virginia purposes. This addition shall not be required for any portion of the intangible expenses and costs if one of the following applies:
>
> (1) The corresponding item of income received by the related member is *subject to a tax based on or measured by net income or capital imposed by Virginia, another state*, or a foreign government that has entered into a comprehensive tax treaty with the United States government. . . .

Va. Code § 58.1-402(B)(8)(a) (emphasis added).

Kohl's argues that, under the plain meaning of § 58.1-402(B)(8)(a), if income is included in the computation of a corporation's taxable income in another state, then that income is subject to tax. Based on this interpretation, Kohl's argues that, because Kohl's Illinois included the royalty payments it received from Kohl's in its income filings in other states, it is "subject to a tax . . . in another state" and falls within the safe harbor exception. *See* Va. Code § 58.1-402(B)(8)(a)(1). Kohl's, therefore, insists that no portion of the royalties it paid to Kohl's Illinois should be added to Kohl's taxable income, even if the amounts listed by Kohl's Illinois in other states was not actually taxed in those states. The Court, however, does not agree with Kohl's interpretation of the statute.

The plain language of the statute states that the exemption applies when intangible expenses paid to related members are "subject to a tax based on or measured by net income or capital *imposed by* . . . another state." Va. Code § 58.1-402(B)(8)(a)(1) (emphasis added). Therefore, to fall within the safe harbor exception, the intangible expenses paid to a related member must not only be subject to a tax in another state, but that tax must actually be imposed. Kohl's incorrectly reads the statute to exempt royalties that are

subject to a tax by another state. However, the statute expressly exempts royalties paid to related members that are "subject to a tax . . . *imposed by .  . . another state.*" Va. Code § 58.1-402(B)(8)(a)(1) (emphasis added).

This reading of the statute is also consistent with the General Assembly's intent in enacting the add-back statute and its exceptions. *See also, e.g. Surtees v. VFJ Ventures, Inc.*, 8 So. 3d 950 (Ala. Civ. App. 2008), *aff'd sub nom. Ex parte VFJ Ventures, Inc.*, 8 So. 3d 983 (Ala. 2008). The purpose of § 58.1-402(B)(8)(a) is to close a corporate tax loophole and ensure that income attributable to Virginia is taxed. Therefore, the Court's ruling "advances the purposes of the legislature in enacting the add-back statute." *Id.* at 976

In sum, the plain language of the statute requires Kohl's to add back portions of its intangible expenses that were not actually taxed in other state.

## IV. *Conclusion*

For the foregoing reasons, the Court hereby grants the Defendant's Motion for Summary Judgment and denies the Plaintiff's Motion for Summary Judgment. Objections of the parties are noted as to adverse rulings. Pursuant to Rule 1:13 of the Supreme Court of Virginia, the Court dispenses with the parties' endorsement of this Order. The Clerk is directed to forward a certified copy of this Order to counsel for the Plaintiff and counsel for the Defendant. It is so ordered.